Roberts v. Walker.

ROBERTS *et al.*, *Appellants*, v. WALKER.

1. **Petition**: ONE GOOD COUNT: PRACTICE. If either of two counts in a petition be good, the court should overrule the objection made at the trial to the introduction of any evidence because the petition fails to state a cause of action.

2. ———: FORMAL DEFECTS: PRACTICE. Where the petition states a cause of action, although defectively, or if it would be good after verdict, or on motion in arrest of judgment, defects in it cannot be reached by defendant's objecting at the trial to the introduction of evidence.

1. **Jointure**: DOWER: STATUTE. A post-nuptial contract for jointure in lieu of dower, provided for by Revised Statutes, section 2202, has no binding force on the wife until, by some act of hers after discoverture, she acquiesces in or accepts the provision made for her benefit in such contract. She may, under said section 2202 renounce the jointure and have dower, but cannot claim both.

4. ———: ———. A husband and wife can agree to annul his marital rights as to personal property which came to him in her right before the married woman's act of 1875, (Acts, p. 61,) and to re-transfer it to her as a suitable provision in lieu of dower in his estate.

*Appeal from Buchanan Circuit Court.*—Hon. J. P. GRUBB, Judge.

REVERSED.

*Heren & Son* for appellants.

The petition stated a good cause of action. *Logan v. Phillips*, 18 Mo. 22; *Larrabee v. Van Alstyne*, 1 John. 307; R. S. §§ 2201, 2202, 2203; 2 Scribner on Dower, pp. 252, 383, 400; *Selleck v. Selleck*, 8 Conn. 79; *Self v. Cordell*, 45 Mo. 345; 18 Amer. Law Reg. 202. The personal property in possession of the defendant at the time of the marriage under the uniform and well settled rule of law operated as an absolute gift to the husband of all chattels personal belonging to the wife and, also, of her chattels real, and choses in action if reduced into possession during covert- ure. Tiffany & Bullard on Trusts, p. 665; *Woodford v. Stephens*, 51 Mo. 443; *Sallee v. Arnold*, 32 Mo. 532; *Walker v. Walker*, 25 Mo. 375; *Terry v. Wilson*, 63 Mo. 493. The marriage took place in 1873, and our statute of 1875 relating to property of married women cannot apply.

*W. W. Caldwell*, and *Strong & Mossman* for respondent.

Under the facts stated in the first count of the peti- tion the plaintiffs could not maintain ejectment against the defendant. " Before dower is assigned, the widow has such a possessory right in the mansion house as will de- feat an action of ejectment." *Jones v. Manly*, 58 Mo. 559; *Miller v. Tolley*, 48 Mo. 503; R. S. § 2205; *Baker v. St. Louis*, 75 Mo. 671. The first count did not state facts suf- ficient to constitute a cause of action. Clancy on Rights, pp. 205, 219; Bacon's Abridg., Title, Jointure and Dower; *Maguire v. Riggin*, 44 Mo. 515; *Waller v. Mardees*, 29 Mo. 25; *Couch v. Stratton*, 4 Ves. 391; *Tenny v. Tenny*, 3 Atk. 8; R. S. § 2510; *Devorse v. Snyder*, 60 Mo. 235. There is

no averment in the petition which attempts to state that defendant had lost her rights to the property brought to the husband's house after the marriage. There being no estate or interest in the defendant as a dowress, no consideration moved from her to Walker to support the contract. There was no complete valid parol agreement entered into. *Johnson v. Johnson*, 23 Mo. 561. The estate of Walker, after his death, could only be bound by an agreement which was made and completed by Walker in his lifetime, and which was valid and binding on him. *Smarr v. Masters*, 35 Mo. 349; *Stagg v. Linnenfelser*, 59 Mo. 341; *Cape Girardeau Co. v. Harbison*, 58 Mo. 94; *Rittenhouse v. Ammerman*, 64 Mo. 200. The allegations in the petition as to the estoppel are insufficient. Bigelow on Estoppel, p. 437; *Bates v. Perry*, 51 Mo. 453; *Com. v. Moltz*, 10 Barr. 527. Plaintiffs cannot recover upon a theory adverse to that upon which the petition proceeds. *Stix v. Mathews*, 75 Mo. 96; *Bray v. Seligman*, 75 Mo. 31; *Mastin B'k v. Hammerslough*, 72 Mo. 274; *Smith v. Culligan*, 74 Mo. 387; *McKnight v. Bright*, 2 Mo. 110; *Clement v. Yeates*, 69 Mo. 625; *Cox v. Esteb*, 68 Mo. 110.

RAY, J.—This action was commenced in the Andrew circuit court, and afterwards, by change of venue, transferred to Buchanan circuit court, where it came on for trial at the October term, 1879. At the trial, on motion of the defendant, the court excluded all evidence offered by plaintiffs in support of the allegations in their petition, on the ground that said petition failed to state facts sufficient to constitute any cause of action against the defendant. The plaintiffs thereupon took a nonsuit with leave to move to set the same aside; and after an unsuccessful motion to that effect, duly excepted to, they appealed to this court. The action was brought by the plaintiffs, as the heirs at law of Joseph Walker, deceased, against the defendant, who was his widow, and the step-mother of the plaintiffs, to obtain a judgment and decree, estopping and barring her

from setting up any claim of dower to her said husband's estate, and dispossessing her of the real estate mentioned in the petition, on the ground that a post-nuptial agreement to that effect had been made and entered into between her and the deceased, prior to his death, and fully executed and performed after his death on his part, by his heirs turning over and delivering to her and her reception of the property, moneys and effects contemplated and provided for in said agreement, and in satisfaction thereof, etc.

It appears from the petition that Walker and wife, at the time of their marriage, were well advanced in life, and each had grown-up children by a former marriage, but none by the last marriage. It, also, appears that each of them, at and prior to their marriage in October, 1873, owned and possessed a considerable amount of real and personal estate, and that the defendant upon their said marriage, removed from Clay county, where she had resided, to the home of her husband in Andrew county, bringing with her some household goods and furniture of the value of $500, or more, and, also, several head of horses and several head of cattle and one jack, all of which said Walker took possession of, had it assessed to himself and paid taxes thereon and took charge of and provided for the increase of said stock on his farm, while he lived. That said Walker never took any control, nor received any benefits or profits, in any way, from the real estate of defendant, nor of any other property of any kind, except as stated. That defendant had full control and management of her real estate and her money, sold and rented her real estate as she saw proper, and received the money and profits therefrom, and, also, loaned her money in her own name, controlled the same, collected and received the interest thereon for her own use, and for her children's benefit. That shortly after their marriage, said Walker and wife were sued on one of her debts, contracted before marriage for about $1,500, that the husband assisted her in its payment, to the amount of $500, which she never returned to him.

It further appears that in November, 1877, the husband, Joseph Walker, died intestate; that he was seized and possessed of real estate in said county to the amount of 396 acres; that at his death the defendant was still his wife and residing with him, and still resides in and has possession of the mansion house; that one of the plaintiffs, Joseph M. Walker, was duly appointed and qualified as administrator of said Joseph Walker, deceased. It, also, appears, that some time prior to the death of said Joseph Walker, the defendant and said Walker made and entered into a contract and agreement of and concerning their property, which is set out in the petition in this case, as hereinafter stated. The petition contained two counts, the first of which was in the nature of a bill in equity, by the heirs of Joseph Walker, deceased, against the defendant, Catharine Walker, his widow, the object of which, as before stated, was to compel her to surrender or release her dower interest in the estate of said Walker, deceased, or in other words, to estop her from claiming dower in said estate. This count, after reciting the facts hereinbefore stated, and describing the real estate so owned and possessed by the husband at the time of his death, proceeds as follows :

" That some time prior to the death of said Joseph Walker, the defendant (then the wife of said Walker) and said Joseph Walker made and entered into the following contract and agreement of and concerning their property, to-wit: That the defendant, at the death of said Walker (which was then anticipated from his complaint at no distant day) was to have all her household goods and furniture that she brought to said Walker's, of the value of $500 or more, together with all the personal property that was brought at their marriage to said Walker's with its increase then on the farm, of the value of $1,600 or more, together with about $250 in accounts for services of said jack, and on getting and receiving said property, the defendant contracted and agreed to and with said Joseph

Walker that she would claim no interest or right in any of his other property, homestead or dower, but that all his other property, real and personal, should go to his children; that she would put up no claim to any of it. That said Joseph Walker during his last sickness, in the presence of defendant and some of the plaintiffs and other persons, talked over this contract and agreement between him and his wife (the defendant) in regard to this property, so that it was well understood. That after the death of said Joseph Walker, and the appointment of said Joseph M. Walker, administrator, that the defendant claimed the said property aforesaid, and that the said administrator turned over to the said defendant all of the said property in accordance with and under the said contract and agreement as aforesaid, and that the said defendant accepted and received the same under said contract and agreement, and now has the same; that the property so turned over and received by defendant, as aforesaid, was of the value of $2,350, and of much greater value than a dower interest in the estate of said Joseph Walker."

This first count then further charges that the defendant, after taking and accepting the property under the said contract, has failed, refused and still refuses to give possession of the mansion house, but is still holding possession of the same, and setting up claim to dower, and also refuses to surrender said property, and wholly refuses to perform her said contract and agreement with said Walker, after receiving and accepting the said property under the same. Wherefore, plaintiffs pray, from the premises aforesaid, for judgment that said defendant be estopped and barred from setting up any claim of dower to said lands aforesaid, and in the estate of said Joseph Walker, deceased, and for all proper relief.

The second count of the petition is in the nature of an action of ejectment, in the usual form, except that after describing the real estate by its numbers, it adds, " being the same lands set out and described in the first count of

plaintiffs' petition herein." Otherwise, this count is in all respects, that of an ordinary petition in ejectment for recovery of the possession of the land sued for.

Such was the petition, which the trial court, in sustaining defendant's motion to exclude plaintiffs' evidence at the trial, decided did not state facts sufficient to constitute any cause of action against the defendant. The propriety of this ruling is the only question now before us.

In the first place, we may remark, that if the first and second counts of the petition contain separate and distinct causes of action, or even but one cause of action, differently stated, and either of them be good on its face, the defendant's motion was not well taken, and should have been overruled. The second count, on its face, we think, manifestly states a good cause of action. The mere recitation, that the lands sued for are the same as those set out and described in the first count, does not necessarily imply that the right or tit'e, on which they rely to support that count, is the same as that mentioned in the first count. The court cannot say, on such a motion, that they may not have a title other and different and paramount to that, by which their ancestor held it, in which event no valid dower right would have attached. This may not be probable, but it is by no means impossible, and it is not for the court to say upon a motion like this.

Again it is the settled rule of this court, that no mere formal objection to the petition can be taken advantage of, by motion of this sort, at the trial. If the petition states a cause of action, however defectively, or if it would be good after verdict, or on motion in arrest, then the defect or objection cannot be reached in this way. *Grove v. City of Kansas*, 75 Mo. 672 and cases cited. But waiving these questions, we proceed to consider the sufficiency of the first count or cause of action set up in the petition. Section 2201 of the R. S. of 1879 has reference to ante-nuptial contracts, which, when properly made, constitute a valid bar to dower    Section 2202 has reference mainly, to post-

nuptial contracts, which the widow, at her election, may renounce and have dower as provided by law. Section 2205 has reference to the rights of the widow to the mansion house of her husband, and the messuage or plantation thereto belonging, until dower is assessed, etc. It will be observed that the post-nuptial contract for jointure, provided for by section 2202, *supra*, whether by deed of conveyance, assurance or agreement, has no valid or binding force on the wife, until, by some act of hers, after discoverture, she in some way acquiesces in or accepts the provision made for her benefit in said post-nuptial contract or agreement. Under this section the widow, at her election, may renounce the jointure and have dower; but, clearly in equity she is not entitled to both. When such provisions, thus made, are fair and reasonable, and the widow, after discoverture, understandingly acquiesces in or accepts the provision thus made in lieu of dower, the authorities, we think, hold and justly hold that she will not be permitted to hold on to the jointure, so received and, also, claim dower. In cases of this sort, the question depends less upon the nature or form of the agreement, by which the jointure is attempted to be secured, than upon the subsequent acts and conduct of the widow, when she becomes discovert. It is that which imparts to the contract its vital and binding force, whatever its form. This, at least, is the view of courts of equity, in controversies of this sort. 2 Scribner on Dower, p. 238, pars. 2, 3, 4, and cases cited; *Logan v. Phillips*, 18 Mo. 22, 26, 27; *Warfield v. Castleman*, 5 T. B. Mon. 517; *Andrews v. Andrews*, 8 Conn. 79; *Selleck v. Selleck*, 8 Conn. p. 85, note (a); *Jones v. Powell*, 6 John. Chan. Rep., p. 194. To the same effect, also, is the recent case of *Garbut v. Bowling*, 81. Mo. 214.

Some questions have been made, whether, under the facts of this case, as disclosed by the petition, which, on a motion of this sort, is taken to be true, discloses any valid agreement, upon sufficient consideration, to give it effect. This objection, we think, is not well taken. The allegations

of the petition in some particulars, are not as full and specific as they might have been, but when taken altogether and fairly construed, we think, there can be no question but that the petition would be good after verdict, or in arrest, and if so, as we have seen, the objection after pleading to the merits, could not be taken by a motion of this sort at the trial.  75 Mo. 672, *supra*.  This marriage took place in October, 1873, prior to the law of 1875, and subsequent enactments, and is not affected by subsequent statutes.  By the law in force at the date of marriage, all the personal property of the wife, in possession, vested absolutely in the husband.  Her possession *eo instanti*, became his possession by virtue of the marriage.  The title thus vesting, is not divested by his subsequently permitting her to claim, use, or manage the same.  The conduct and agreement of the husband and wife, when taken altogether, shows that both parties recognized the legal rights of the husband, by virtue of the marriage, and the express object of the agreement was, at his death, to annul those rights, as to the property in question, and re-transfer them to the wife as a suitable provision for her support, in lieu of dower in his estate.  This, manifestly, is the proper construction of the petition.  Such was the law in force at the date of this marriage, and by it the marital rights of the husband and wife are to be determined.  *Woodford v. Stephens*, 51 Mo. 443; *Sallee v. Arnold*, 32 Mo. 532; *Walker v. Walker*, 25 Mo. 367; *Terry v. Wilson*, 63 Mo. 493.

Other questions have been discussed, and other authorities cited in able briefs of counsel, but we deem them not essential to the proper disposition of this case.

For the reasons hereinbefore stated, we think the court erred in sustaining defendant's said motion, and for that reason the judgment of the circuit court is reversed and the cause remanded.  All concur.