DONALDSON, *Appellant*, v. THE COUNTY OF BUTLER.

1. **County Bonds**: PLEADING. A petition in an action on county bonds or coupons should show the authority for their issuance.

2. **Civil Practice**: PLEADING. An objection to the admission of any evidence, under a petition, should not be sustained unless it is so defective that a judgment thereon would be arrested because of its failure to state a cause of action.

3. ———: AIDER OF PETITION BY ANSWER. Where a petition is so fatally defective, it may still be aided by the answer.

*Appeal from Butler Circuit Court.*—HON. JOHN G WEAR, Judge.

REVERSED AND REMANDED.

*Geo. H. Benton* for appellant.

The only question presented by this record is one of pleading. The petition declared upon the coupon without reference to the bond from which it was detached. It is good pleading. As the coupon, though part of the bond, when detached, becomes negotiable paper to circulate from hand to hand and enables the holder to

collect the interest without the presentation of the bond, it is certainly unnecessary for him, when suing on the coupon, to declare upon the bond. He has not the bond and could not produce it in court. The coupon, on its face, discloses the nature of the obligation and therefore has been justly held itself to be the basis of the suit. *Commissioners v. Aspinwall*, 21 How. 540. The answer and replication raised the issue on the validity of the bond. The object of all pleading is to inform the adversary of your cause of action. It is manifest by the answer of the defendant that the petition furnished all the necessary information. And if reference to the bond were necessary this objection was removed by defendant's answer.

*S. A. Standard* for respondent.

BLACK, J.—This is a suit against the county of Butler based upon fifty interest coupons, each for the sum of ten dollars. The counts are all similar to the first which is as follows: "Plaintiff states that he is the holder for a valuable consideration, paid before maturity and without notice, of the following coupon: 'On the first day of October, 1882, the county of Butler in the state of Missouri promises to pay to the bearer hereof ten dollars, at the Lucas Bank, St. Louis, being one year's interest on bond number 264. WM. A. SPENCE, clerk of Butler county court, Missouri.' Plaintiff states that he presented the same to the bank and to defendant for payment, and that the same was refused; wherefore plaintiff prays judgment for ten dollars, and interest from date at six per cent. per annum."

To this petition, the defendant made this answer: "Defendant * * * avers that it is not true that the plaintiff is, or ever was, the holder for a valuable consideration paid before maturity and without notice, of the said several coupons by plaintiff described in the

said several counts, and denies that the defendant is, or was, indebted or ever became liable for any, or either, of the said coupons. Defendant, further answering, avers that said several coupons and the bond from which each of them was taken and detached were fully satisfied, and the defendant discharged and released from all liability therefor long prior to the time the same became due and payable, and long prior to the time when plaintiff obtained possession of the said coupons or either of them, which discharge and release was duly entered of record in the public records of the county court in and for the said Butler county, as plaintiff may well have known, and had due notice in that the said bonds and coupons were public securities of the defendant prior to the date of said discharge and release. And the defendant, further answering, avers that said several coupons by plaintiff described, and the bond from which they were taken, were, and each of them were, at the said Butler county on and after the defendant's discharge and release from all liability therefor and before the plaintiff obtained possession thereof, taken, stolen and carried away and so feloniously and unlawfully, by some person as yet not identified and known to the defendant."

The reply is a general denial. At the trial, defendant objected to the admission of any evidence because the petition did not state facts sufficient to constitute a cause of action, in that it did not allege that the bonds were valid, subsisting obligations and negotiable at the time plaintiff purchased the coupons. Some other specific reasons were also assigned, but in the absence of any showing by the defendant, we do not regard them as entitled to special notice. The court sustained the objection and dismissed the suit, as the plaintiff refused to plead further.

The proposition contended for by the plaintiff, namely, that a holder of these interest coupons may sue

upon them, without producing the bonds from which they are taken, and though he may have no interest in the bonds themselves, is not questioned. But it does not follow that the petition is a good pleading. We think it fails to disclose a cause of action. The counties of this state have no inherent or general power to issue bonds. The power to issue such securities arises only from special acts, and in recent years from general laws for limited and specifically defined purposes. It follows that the petition should show that the bonds were issued by authority of some special act, or for some purpose for which the counties have a right and the power to issue them. This is necessary when suing upon the bonds, and as the validity of the coupons depends upon the validity of the bonds, it is equally, necessary when suing upon the coupons. This rule prevails in the federal courts, and we agree that it is the correct one. *Kennard v. Cass County*, 3 Dillon, 148; *Thayer v. Montgomery County*, 3 Dillon, 389. Applying this rule to the petition in this case, it must be held to be insufficient, certainly as against a demurrer.

Mere formal defects in the petition cannot be reached by objections like that made in this case. They come after the parties have prepared for trial and when the case is called for hearing, and are too late to deserve a very favorable consideration at the hands of the court. They ought not to prevail, except where the petition is so defective that the judgment should be arrested, because of a failure to state a cause of action. *Roberts v. Walker*, 82 Mo. 200. The petition in this case is so defective that it would not support a judgment as against a motion in arrest, unless aided by the answer. The question then is, whether the answer cures the defect? It denies that plaintiff is a holder of the coupons for value, and denies that defendant is, or ever was, liable for the payment of the coupons. It alleges that the bonds were satisfied and defendant released

Donaldson v. County of Butler.

from the payment of them before they became due and before the plaintiff became possessed of the coupons, and inferentially charges him with notice of these alleged facts. The bonds are spoken of as public securities of the county prior to the alleged discharge of the county from liability thereon. Construing this answer as a whole, we take it to admit that the bonds were valid at their inception, but to claim that they ceased to be of any validity by reason of the discharge which was made matter of record in the county court. Not that the answer makes expressly any such admission, but that it is necessarily implied from what is stated. This being so it cures the defect in the petition. *Garth v. Caldwell*, 72 Mo. 622. The form of the objection to the admission of evidence leads to the same conclusion; for it is that the petition does not state facts sufficient to constitute a cause of action, in that it does not allege that the bonds were valid subsisting obligations and negotiable at the time the plaintiff purchased the coupons. In view of what is said in the answer and the form of the objection, we think the objection should have been overruled, coming at the time it did. The defendant can withdraw its answer and demurrer, and when the plaintiff is also required to set out the date of the bonds, it can be seen whether they should have been registered.

The judgment is reversed and the cause remanded. Sherwood, J., absent; the other judges concur.