YOUNG, *Appellant,* v. SHICKLE, HARRISON & HOWARD IRON COMPANY.

DIVISION ONE.

1. **Practice:** DEMURRER: OBJECTION TO INTRODUCTION OF EVIDENCE. There is a material difference in questioning the sufficiency of a petition by demurrer and by objecting at the trial to the introduction of any evidence.

2. ———— : SUFFICIENCY OF PETITION. Though a petition is informal and the cause of action is defectively stated, still, if it states sufficient facts to show a cause of action, the objection made at the trial to the introduction of any evidence should be overruled.

3. **Negligence:** SERVANT: DEFECTIVE APPLIANCES: PETITION. A petition in an action by a servant against his employer for injuries resulting from negligence in furnishing defective appliances *held* good against the objection made at the trial to the introduction of any evidence.

4. ———— : ———— : DEFENSE. The fact that the servant had equal means with his employer of knowing the defect in the machinery is a matter of defense and need not be stated in the petition.

5. **Contributory Negligence.** Contributory negligence is a matter of defense and plaintiff in an action for injuries arising from negligence need not allege he was without fault.

6. **Master and Fellow Servant:** JOINT NEGLIGENCE OF. A servant may recover for injuries caused by the joint negligence of the master and a fellow servant.

*Appeal from St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

REVERSED AND REMANDED.

*M. F. Taylor* and *F. M. Estes* for appellant.

(1) The erecting, providing and using of the platt form and signal stations by defendant in the manner described in the petition was negligence and constituted a breach of its duty as the employer of plaintiff. *Bazell*

*v. Mfg. Co.*, 48 Me. 113 ; *Porter v. Railroad*, 71 Mo. 66 ; *Parsons v. Railroad*, 94 Mo. 266 ; *Reber v. Tower*, 11 Mo. App. 199 ; Shearman & Redf. on Negligence, secs. 194, 197. ( 2 ) Defendant's negligence and breach of duty as plaintiff's employer was the direct and proximate cause of plaintiff's injury. ( 3 ) Upon the facts disclosed in the petition, plaintiff was not guilty of contributory negligence and did not voluntarily assume the risk of injury. ( 4 ) The facts essential to plaintiff's recovery were sufficiently pleaded. *Crane v. Railroad*, 87 Mo. 388 ; *Johnson v. Railroad*, 96 Mo. 340 ; *Porter v. Railroad*, 60 Mo. 160 ; *Gibson v. Railroad*, 52 Mo. 372 ; *Huhn v. Railroad*, 92 Mo. 440 ; *Soeder v. Railroad*, 100 Mo. 673.

*T. A. Post* for respondent.

( 1 ) The petition did not state facts authorizing a recovery. *Cummings v. Collins*, 61 Mo. 523 ; *Nolan v. Shickle*, 69 Mo. 340 ; *Wright v. Railroad*, 25 N. Y. 566 ; *Williams v. Clough*, 3 Hurlst. & Norm. 256. "If the danger or defect is known to the employe, or might have been known to him by the use of ordinary care, and there is no inducement to remain, by promises to remove, to secure or to remedy the same, it would seem but reasonable that he assumes the risk and should not recover." *Greenleaf v. Railroad*, 29 Iowa, 46 ; *Hayden v. Mfg. Co.*, 29 Conn. 560 ; *Lansing v. Railroad*, 49 N. Y. 534 ; *Fifield v. Railroad*, 42 N. H. 240 ; *Moss v. Johnson*, 26 Ill. 642 ; 46 Ill. 99 ; *Burrell v. Mfg. Co.*, 48 Me. 121 ; *McDermott v. Railroad*, 30 Mo. 117 ; *Priestly v. Fowler*, 3 Mees. & W. 5–7 ; *Dynem v. Leach*, 26 Law Jour. Exch. ( N. S. ) 221. The petition on its face placed the casualty in the class of accidents not attributable to any particular cause. *Nolan v. Shickle*, 3 Mo. App. 305 ; *Shultz v. Railroad*, 36 Mo. 32 ; *Boyd v. Graham*, 5 Mo. App. 403. ( 2 ) The petition shows that the accident was caused by a fellow servant. *Marshall v. Shrickler*, 63 Mo. 311 ; *Moore v. Railroad*, 85 Mo. 594 ;

*McGowan v. Railroad*, 61 Mo. 533; *Brothers v. Carter*, 52 Mo. 375.

BLACK, J.—The defendant is a corporation engaged in the manufacture of iron, and this is a suit by an employe to recover damages for personal injuries. When the case came on for trial, the defendant objected to the introduction of any evidence, on the ground that the petition did not state facts sufficient to constitute a cause of action, which objection was sustained, and the plaintiff took a nonsuit with leave, etc.

The plaintiff states in his petition that he was at work on a platform over which was suspended a wire cable ; that a mechanical appliance known as a traveler worked along and over the wire rope ; that the movements of the traveler were regulated by means of a signal given by a person standing on the platform and pulling a rope ; that the sounding of a signal was an intimation of danger and to be careful ; that the stations for the signal ropes were a great distance apart ; that the platform had insufficient guard rails around it ; that on the day of the injury the platform had been allowed to become so blocked with material and *debris* as to allow only a narrow passage-way for persons to pass over and along the same ; that it became necessary for another employe of defendant engaged in a different department of work to use one of the signal ropes to sound an alarm ; that said employe, in passing along the narrow passage-way to reach the signal rope, " accidentally ran against and struck forcibly the plaintiff and knocked him under the guard rails and off the platform to the ground below," breaking his shoulder, etc. ; " that the defendant was careless and negligent in the construction of said platform in not providing it with sufficient guard rails ; that said platform was not suitable to carry on the work in which plaintiff was engaged by reason of the fact that defendant had negligently allowed a large quantity of material of various kinds to be piled thereon ;

that the signal stations, above mentioned, were too far apart necessitating a quick and hurried movement on the part of the operative, whose duty it was to look after the signals, in order to reach the ropes in time to sound the alarm. Wherefore, and by reason of the negligence of defendant as aforesaid, plaintiff has been damaged in the sum of $5,000, for which amount with costs he asks judgment."

The petition is unusually full in the description of the surrounding circumstances at the place and time of the accident, and there is nothing in them to indicate negligence, so that it must stand or fall on the express averments of negligence. Keeping the situation of affairs as they existed in mind, what are the substantial averments? They are that the other employe, in performing the work assigned to him, passed along the narrow passage-way on the platform hurriedly and ran against and forcibly struck the plaintiff and knocked him off the platform; that defendant was negligent in the construction of the platform, in not providing it with sufficient guard rails; that defendant negligently allowed a large quantity of material to be piled thereon, so that the platform was not suitable to carry on the work in which plaintiff was engaged.

Thus far the petition states no cause of action whatever, for it is not alleged that the negligence of defendant caused, produced or brought about the injury. But as a part of the prayer for relief there is an averment that defendant was damaged by reason of defendant's negligence. The question of the sufficiency of the petition is one thing when raised by a demurrer, but another thing when raised after answer, by way of an objection to the introduction of any evidence. Though the petition is informal and the cause of action defectively stated, still if it states facts enough to show a cause of action, then such an objection should be overruled. *Elfrank v. Seiler*, 54 Mo. 134; *Roberts v. Walker*, 82 Mo. 200. Taking this petition as a whole

we think it alleges that the injuries were caused by the alleged negligence of the defendant.

The objection is made that the want of sufficient guard rails to the platform and the materials placed upon it are matters which were open to the observation of the plaintiff, that he had full knowledge of them, and that he assumed all risks. It may be that he had knowledge of these alleged defects, but it is not so stated in the petition. The case of *Cummings v. Collins*, 61 Mo. 520, is more of an authority against than for the defendant in this case; for while the petition in that case stated that the plaintiff did not know of the alleged defect in the floor, it did not state that he had no means of knowing of the defect, and it was held that the fact that the servant had equal means of knowledge was a matter of defense and need not be negatived in the petition. It is the well-settled law of this court that the plaintiff need not allege that he was without fault, that contributory negligence is a matter of defense. *Crane v. Railroad*, 87 Mo. 588. It was also held in that case that the plaintiff need not aver that he had no knowledge of the defective character of the machinery; and that an allegation that the defendant negligently furnished an appliance which was defective and unsafe was equivalent to a statement that the master knew, or might have known by use of ordinary care, of the dangerous and defective character of the appliance. To the same effect is the case of *Johnson v. Railroad*, 96 Mo. 340. Knowledge of the alleged defects is a matter of defense, and since knowledge on the part of the plaintiff does not appear on the face of the petition the objection is not well taken.

It certainly does appear that a fellow servant ran against the plaintiff and knocked him off the platform; but a servant may recover for an injury caused by the combined negligence of the master and a fellow servant. Thomp. on Neg., p. 981. The same doctrine is intimated in *Steffen v. Mayer*, 96 Mo. 420. A valuable list

of cases on this subject will be found in notes to *Coppins v. Railroad*, 44 Am. & Eng. R.R. Cas. 134. It may be that in point of fact the plaintiff was injured solely by reason of the negligence of his fellow servant, in which case he cannot recover, but it is not so stated in the petition. The averment is that the plaintiff was damaged by reason of the negligent omissions of the defendant. In our opinion the petition states a cause of action.

The judgment is, therefore, reversed and the cause remanded. SHERWOOD, C. J., dissents. The other judges concur.