JAMES F. HATTEN, Respondent, v. JOHN J. RANDALL et al., Appellants.

St. Louis Court of Appeals, February 16, 1892.

Practice, Trial: ORAL DEMURRER BY OBJECTION TO ADMISSION OF ANY EVIDENCE. When the petition fails to state a cause of action owing to the omission of an essential averment, and its terms are not sufficiently general to comprehend such averment by fair and reasonable intendment, an oral demurrer can be made to it at the trial by objection to the admission of any evidence. Such a demurrer, however, does not entirely take the place of a formal demurrer by pleading, and should not be sustained for informality in the statement of an essential fact.

*Appeal from the Iron Circuit Court.*—HON. J. F. GREEN, Judge

AFFIRMED.

*Charles D. Yancey,* for appellants.

*John H. Raney* and *Dinning & Byrns,* for respondent.

ROMBAUER, P. J.—The main controversy in this cause arises as to the sufficiency of the various counts of the plaintiff's petition. The petition contains sixty-four counts, of which, under a stipulation between the parties, only the three first are set out in the record, they together with the matter set out in the bill of exceptions being deemed sufficient for the purposes of a review of the cause on appeal.

These three counts are as follows; "*First.* Plaintiff states that, during the years 1888 and 1889, defendants, John J. Randall, Porter W. Brown and Robert C. Lamb, were a copartnership doing business under the firm-name and style of Randall & Co,, and were in said years engaged as contractors on and for the Cape Girardeau Southwestern Railway Company in Carter county, Missouri, in constructing and building the grade and roadbed of a railroad for said railroad comany, and as such contractors became indebted to W. A. Barnes in the sum of $20, as shown by their orders drawn on the said railway company for the amount in favor of said W. A. Barnes, and dated February 26, 1889, and signed by defendants, which said order is herewith filed. Plaintiff further says, that after the issuance of the order aforesaid by defendants in favor of said W. A. Barnes, he, the said W. A. Barnes, transferred the said order and said indebtedness, for value, to the plaintiff.

"That thereafter plaintiff demanded of said railway company payment of said order, and payment thereof was refused, of which refusal of payment plaintiff immediately notified defendants. That the amount of said order is now due plaintiff from defendant; that plaintiff has demanded the same, and defendant refused and still refuses to pay the same.

"Wherefore plaintiff asks judgment for the sum of $20, the amount of said order and indebtedness so transferred to him, as aforesaid, by said W. A. Barnes, together with interest and costs.

"*Second.* And for another and further cause of action, plaintiff states that defendant, being a copartnership doing business under the firm-name and style of Randall & Co., and being engaged in the construction and building of the grade and roadbed of the Cape Girardeau Southwestern Railway Company, as contractors, in the years 1888 and 1889, as aforesaid, during the months of January and February, 1889, employed John Cook and his team to work and labor

on said roadbed and grade; that said John Cook did work under said employment with his team twenty-two and one-half days at the price and sum of $3 per day, and for such work and labor so rendered defendants became indebted to said John Cook in the sum of $68.05, as shown by time check certified to said railway company in favor of said John Cook, signed by defendants, and dated March 4, 1889, for the sum of $68.05, which said time check is herewith filed.

"Plaintiff says that after said time check was issued, certified, signed and delivered to the said John Cook by defendants, as aforesaid, he, the said John Cook, transferred the said time check and indebtedness to this plaintiff for value. That the same is now due plaintiff; that plaintiff has demanded and defendants refused to pay him; wherefore plaintiff asks judgment for the sum of $68.05, the amount of said time check and indebtedness so transferred to him, as aforesaid, and for interest and costs.

"*Third.* And for another and further cause of action, plaintiff states that . defendant, being a copartnership doing business under the firm-name and style of Randall & Co., and being engaged in the construction and building of the grade and roadbed of the Cape Girardeau Southwestern Railway Company, as contractors, in the years 1888 and 1889, as aforesaid, during the month of February, 1889, employed Thomas Wilson to work and labor by the day on said roadbed and grade, and that said Wilson did work under said employment five days at the price of $1.50 per day, and for such work and labor so rendered defendants became indebted to said Thomas Wilson in the sum of $7.50; that said Thomas Wilson received on said work and labor the sum of $3.45 ; that the balance due said Thomas Wilson on February 13, 1889, was $4.05, as shown by said time check certified to said railway company in favor of said Thomas Wilson signed by defendants, and dated February 13, 1889, for a balance of $4.05, which said time check is herewith filed.

"Plaintiff further says that after said time check was issued, certified, signed and delivered to said Thomas Wilson by defendants as aforesaid said Thomas Wilson transferred the said time check and indebtedness to this plaintiff for value. Plaintiff says that there is now due him from defendants on account of such time check, and indebtedness so transferred to him by said Thomas Wilson as aforesaid the sum of $4.05, and the accrued interest thereon, which amount plaintiff says he has demanded, but that defendants refused, and still refuse, to pay the same. Wherefore, plaintiff asks judgment for the sum of $4.05, and for interest and costs."

The answer to each of the counts was a general denial. The jury returned a verdict for the plaintiff on each of them, and the court entered judgment in his favor for the aggregate of the jury's finding. The defendant filed motions for new trial and in arrest of judgment, which were overruled. He appeals, and assigns for error the admission of any evidence under the petition and the admission of incompetent evidence for the plaintiff, and that the verdict on the third count is excessive, as shown by the record.

It is the settled law of this state that, when the petition fails to state any cause of action, the defendant may demur to it orally by objecting to the introduction of any evidence in its support, or by motion in arrest. *Andrews v. Lynch*, 27 Mo. 167. The rule on that subject is that matters informally stated are aided by verdict, but the omission of essential averments cannot be thus supplied, unless the petition contains terms sufficiently general to comprehend them by fair and reasonable intendment. *Frazer v. Roberts*, 32 Mo. 457; *Clinton v. Williams*, 53 Mo. 141; *International Bank v. Franklin*, 65 Mo. 110. As Judge BLACK aptly says in *Young v. Iron Co.*, 103 Mo. 327, "the question of the sufficiency of the petition is one thing where raised by a demurrer, but another thing when

raised after answer, by way of an objection to the introduction of any evidence. Though the petition is informal and the cause of action defectively stated, still, if it states facts enough to show a cause of action, the objection should be overruled.

In the case at bar the answer was a general denial. When the plaintiff proceeded to offer evidence under the various counts of his petition, the defendants orally demurred to the petition by objecting to the introduction of any evidence in support of these counts. These objections were overruled, and this ruling constitutes the main error complained of.

The objection to the first count now urged is that it declares upon a bill of exchange, and shows no diligence in its presentation, nor does it state an assignment of the bill to plaintiff in proper terms. This count is inartificially drawn, as it does not clearly appear whether the plaintiff intends to sue upon the assigned order, or upon the transferred indebtedness, but it states clearly facts sufficient to justify a recovery on the latter theory. It states that the indebtedness was transferred to the plaintiff, and, as such transfer may be shown by oral evidence, it was unnecessary to aver a written assignment. *Smith v. Sterritt*, 24 Mo. 260, 262; *Boyer v. Hamilton*, 21 Mo. App. 520, 524.

The second and third counts purport to be drawn upon transferred accounts, and contain sufficient allegations to show an indebtedness from the defendants to the plaintiff's assignor, and the transfer of such claims to the plaintiff; hence, the objection to them is clearly untenable.

The objection made to the competency of the evidence admitted for plaintiff is likewise untenable. The plaintiff offered in evidence the order executed by the defendants and the time checks signed by them, as evidencing the amounts of the indebtedness sued for in the respective counts. As these constituted written

admissions of the defendants, they were clearly admissible.

The third count is based upon an item of $4.05. The jury rendered a verdict for plaintiff on that count for $13.10. The plaintiff concedes that, to that extent, the record shows error, and now offers to remit the sum of $9.05 from the amount of the judgment. Such *remittitur* will be entered, and the judgment affirmed for the residue. The costs of the appeal are taxed against the respondent. All the judges concur