JOHN B. MARSHALL, Appellant, v. THOMAS D. FERGUSON, Respondent.

St. Louis Court of Appeals, February 7, 1899.

1. **Practice, Trial:** OBJECTION TO THE INTRODUCTION OF EVIDENCE. An objection to the introduction of evidence can only be interposed, at the trial, where the petition fails *altogether* to state a cause of action. If the defect is such that it would be cured by verdict it should be taken advantage of by demurrer or motion in the regular way.

2. **Principal:** AGENT: LIABILITY OF AGENT. In the case at bar, the defendant, by taking security for his individual debt on the lands designated by plaintiff to secure the loan, and by preferring his debt over that of his principal, disobeyed instructions, and if loss has ensued to the plaintiff by such departure from instructions, the defendant must make good that loss.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

A. D. Hight and L. D. Grove for appellant.

The only question presented by this record is, do the facts alleged entitle the plaintiff to relief? The plaintiff placed money in the hands of the defendant to be used for a specific purpose; the defendant received the money for the express purpose contemplated by the plaintiff; defendant diverted the money to another purpose and for his own benefit; he took a mortgage securing a debt due him, paying our money to buy that mortgage which secured his debt. The agent must be loyal to his principal, accounting to him alone; and this rule applies to all cases in which the agent holds a particular fund for a particular principal. See Winningham v. Fancher, 52 Mo. 458. This being an action for money had and received, the foregoing case is directly in point as to facts. The action for money had and received, will lie in general whenever the defendant has received money which is the property of the plaintiff and which the defendant is obliged by the ties of natural justice and equity to refund. Cary v. Curtis, 3 How. (U. S.) 246, 247. The ties of natural justice and equity do require a person receiving money to be applied to the purposes and benefit of the donor, the receiver applying the same to his own benefit, to refund; hence we have made a good case for the court to act upon, and should have acted in this case, but on the contrary virtually ruled that the ties of natural justice and equity did not require a return of this money, which defendant used for his own purposes. We hope this court will take a different view of equity.

Louis F. Dinning and H. W. Hamel for respondent.

The judgment aforesaid is merely a judgment of nonsuit, and the alleged reasons for the same, recited therein, form no part of said judgment and this court can not consider said reasons in determining this appeal. The reasons

for taking a nonsuit could alone be saved by bill of exceptions.    Berkley v. Cobes, 13 Mo. App. 502; Story v. Bagsdale, 30 Mo. App. 196; McNeil v. Ins. Co., Ibid 306; State v. Burkhartt, 83 Mo. 430; U. S. v. Gamble, 10 Mo. 59. Section 2618, Revised Statutes 1889, among other things, provides that: "All exceptions taken during the trial of a cause or issue, before the same jury, shall be embraced in the same bill of exceptions.    A motion to set aside a nonsuit strikes at errors arising in the progress of the trial.    Its office is similar to that of a motion for a new trial; and if this motion be continued to a succeeding term, and then overruled, that is the time for the losing party to file his bill of exceptions, which ought to include all exceptions taken during the progress of the trial.    Cranor v. School District, 18 Mo. App. 397; Riddlesburger v. McDaniel, 38 Mo. 138; Gray v. Parker, Ibid, 160; Henze v. Railway, 71 Mo. 644. In the case at bar the motion to set aside the nonsuit was determined at the same term of the trial, and of course, if plaintiff felt aggrieved, he should have filed a bill of exceptions containing all the errors complained of, and excepted to, during the progress of the trial.    The statute is plain and simple, and it requires that "all exceptions taken during the trial   *   *   *   shall be embraced in the same bill of exceptions."    If this law can be violated by filing two bills of exceptions, as was attempted in this case, then a party can file a separate bill of exceptions to every adverse ruling, made during a long, protracted trial.    This court will exclude from its consideration the first bill of exceptions filed by plaintiff herein, and determine this case upon the record as made by the bill of exceptions last filed, which contains alone the motion to set aside the nonsuit.    This court will presume that the trial court's rulings are correct, and in the language of the supreme court in the case of Wentzville Tobacco Co. v. Walker, 123 Mo. 670, loc. cit.    "It devolves on him ascribing error to the trial court to show it affirmatively.

In the absence of such showing we should always presume that the judicial action of our brother  on the circuit was right."

BLAND, P. J.—The petition stripped of unnecessary verbiage in effect alleges, that plaintiff on May 7, 1896, loaned the defendant $213.45 to be loaned to one M. L. Freeman and wife, for which loan the Freeman's should execute their promissory note to the defendant bearing eight per cent interest, and to become due November 1, 1896, and as security should execute a mortgage or deed of trust on lands (described in the petition), which note and mortgage when executed the defendant agreed to assign and deliver to the plaintiff; that defendant did make the loan, and take note and deed of trust, of the Freemans in his own name, but at the same time he took another note payable to himself for the sum of $312.50, which was also secured by the deed of trust.    It is also alleged that the value of the interest of the Freemans in the lands did not exceed $213.45, and that they were insolvent, and that the land was afterwards sold under the deed of trust, at which sale it brought but $120, and that the defendant received the benefit of the security.    The answer was a general denial; a jury was impaneled to try the cause; plaintiff offered a witness to testify in his behalf, when defendant objected to the introduction of any testimony, on the ground that the petition failed to state a cause of action; this objection was sustained, and plaintiff took a nonsuit with leave to move to set same aside.    Whether a motion to set aside the nonsuit was filed and preserved in the record, depends upon the validity of the bill or bills of exceptions made and signed during the progress of the trial.    The transcript shows that on May 11, 1898, the cause came on to be heard, and that plaintiff offered a witness, who was sworn; that defendant objected to the introduction of any evidence, on the ground

that the petition stated no cause of action; that the court sustained this objection, to which plaintiff excepted, and thereupon presented his bill of exceptions, and asked the court to sign and file the same and make it a part of the record, which was then and there (May 11, 1898) done. The transcript further shows that on the same day, May 11, the judge of the court signed another bill of exceptions, and ordered the same made a part of the record, which bill contains a motion to set aside nonsuit and the ruling of the court thereon and plaintiff's exceptions thereto, the filing of an affidavit for an appeal, and the granting of the appeal. Section 2618, Revised Statutes of 1889, among other things, provides that "all exceptions taken during the trial of a cause or issue before the same jury, shall be embraced in the same bill of exceptions." The object of the statute is to prevent the confusion that would be occasioned by a multiplicity of bills of exceptions, and to have presented historically and in regular order the exceptions taken during the progress of a trial without encumbering the bill with unnecessary recitals, to the effect that each exception was made and signed by the judge at the time it was taken. The exceptions to the proceedings in the case at bar were all taken on the same day during one sitting of the court, and while they are incorporated in what purports to be two bills of exceptions, there is substantially but one bill of exceptions in the case. The form in which the bill or bills were prepared and signed is not to be commended, but we do not think it such a violation of the statute or departure from the well recognized practice in such matters as to pronounce the bill or bills void, and we hold that the record shows that the plaintiff duly moved to set aside the ruling of the court by which he was forced to take a nonsuit and that his motion was by the court overruled, to which ruling he saved an exception.

The ruling of the court that the petition does not state

facts sufficient to constitute a cause of action, is in our opinion erroneous. An objection to the introduction of evidence can only be interposed at the trial where the petition fails altogether to state a cause of action. If the defect is such that it would be cured by verdict, it should be taken advantage of by demurrer or motion in the regular way. Roberts v. Walker, 82 Mo. 200; Lycett v. Wolff, 45 Mo. App. 489; Hurst v. City of Ash Grove, 96 Mo. 168; Clark v. Fairley, 24 Mo. App. 429; Mumford v. Keet, 65 Mo. App. 502; Young v. Shickle, H. & H. Iron Company, 103 Mo. 324. On an objection of this kind every reasonable intendment should be indulged in favor of the petition, Hatten v. Randall, 48 Mo. App. 203, and if there is enough in the petition to support a judgment after verdict, the objection should not prevail. Donaldson v. Butler County, 98 Mo. 163; Hatten v. Randall, and Young v. Shickle, H. & H. Iron Company, *supra.* The petition is very inartificially drawn, and material averments are entirely omitted, but when read and construed as a whole, and the facts reasonably deducible from it are drawn, it will be found sufficient to support a judgment after verdict. The facts stated and the reasonable deductions that may be drawn from what is imperfectly stated are, that defendant as agent of plaintiff accepted plaintiff's money and agreed to make the loan to the Freeman's and to take as security therefor a first mortgage on the land of the Freemans; that in violation of this trust and of his duty as plaintiff's agent, he took at the same time a deed of trust on the lands to secure his individual debt of $312; and from the averment that the land was sold under the deed of trust for $120, of which sale the defendant was the beneficiary, it is reasonably inferable that in the preparation of the deed of trust defendant postponed the payment of plaintiff's money to the payment of his own. From this, in connection with the averment of the insolvency of the Freemans, it is fairly inferable that plaintiff's money will

be wholly lost to him, unless defendant is compelled to pay it. If all these things be true, then it follows that defendant violated the trust reposed in him by the plaintiff to make the loan as directed by plaintiff; that he was disloyal to his principal and profited in the transaction where he could not prefer his own interest over that of his principal, and should be held to respond in damages for the abuse of the trust. Winningham v. Fancher, 52 Mo. App. 458. By taking security for his individual debt on the lands designated by plaintiff to secure the loan and by preferring his debt over that of his principal, he disobeyed instructions, and if loss has ensued to the plaintiff by such departure from instructions, the defendant must make good that loss. Butts v. Phelps, 79 Mo. 302.

The judgment is reversed and the cause remanded. All concur.