GEORGE J. MAUGH, Appellant, v. C. H. HORN-BECK et al., Respondents.

Kansas City Court of Appeals, February 16, 1903.

1. **Pleading:** SUFFICIENCY OF: DEMURRER: OBJECTION TO EVIDENCE. When on an offer of evidence a pleading is objected to as not stating a cause of action or defense, such objection will be overruled if the pleading is sufficient after verdict.

2. ———: ———: ANSWER: WARRANTY. An answer setting up as a defense to certain notes that they were given for a warranted machine, is examined and held to sufficiently plead the warranty and the breach thereof to admit evidence.

3. **Trial Practice:** WARRANTY: BREACH: EVIDENCE. Where the trial court refused to admit evidence tending to prove a warranty, it was useless to offer to show the breach thereof and the damages thereunder.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

AFFIRMED.

*Shannon & Shannon* for appellant.

(1) Defendants' answer does not contain a negation of the warranties therein alleged. Hence they were not entitled to prove the alleged warranties. 19

Ency. Pl. and Pr., 104; Mfg. Co. v. Jones, 60 Mo. App. 220; Cook v. Putnam Co., 70 Mo. 668; Northrup v. Ins. Co., 47 Mo. 443; Snyder v. Free, 114 Mo. 367.    (2)    If defendants' answer states any defense at all, it is that of an implied warranty, or else a failure of consideration in support of either of which the testimony offered would be immaterial.    Therefore the court did not err in excluding said testimony.    Boyer v. Neel, 50 Mo. App. 26.    (3)    Defendants having offered no evidence of any breach of warranty alleged in the answer, nor of any damages on account of any alleged breach, if all the testimony offered had been received there would not have been sufficient facts in evidence to constitute a defense.    There being nothing in the record to authorize a result different from that reached, even if the rejected evidence had been received, defendants were not entitled to a new trial.    Courts will not grant new trials for error which is not prejudicial to the party complaining.    Ittner v. Hughes, 133 Mo. 689; Linneus v. Dusky, 19 Mo. App. 24; Sheehan v. Ins. Co., 53 Mo. App. 356.    (4)    A court's right to grant a new trial can not be exercised so as to deny a legal right. In this case the plaintiff, on the record, was entitled to a verdict, and the allowance of a new trial was error. Lovell v. Davis, 52 Mo. App. 342; Sheehan v. Ins. Co., 53 Mo. App. 356.    :

*Potter & Emmerson* and *S. C. Westcott* for respondents.

(1)    The appellate court will only consider the grounds specified in the order granting a new trial. Milling Co. v. Transit Co., 122 Mo. 258; R. S. 1899, sec. 801.    (2)    Respondents' answer does contain sufficient negation of the warranty set out in the answer and is good especially so when not taken advantage of by motion or demurrer in the regular way.    An objection to the introduction of testimony can only be interposed

when the petition or answer fails to state a cause of action or defense and if the defense is such that it would be cured by a verdict it should be taken advantage of by motion or demurrer in the regular way. Lycett v. Wolff, 45 Mo. App. 489; Marshall v. Ferguson, 78 Mo. App. 645; Hurst v. Ash Grove, 96 Mo. 168; Young v. Iron Co., 103 Mo. 324. (3) On the objection to the introduction of evidence in the nature of an oral demurrer, every reasonable intendment should be indulged in favor of the pleader. Hatten v. Randall, 48 Mo. App. 203; Donaldson v. Butler Co., 98 Mo. 163; Young v. Iron Co., 103 Mo. 324; Biddle on War. on Sale of Chat., secs. 1 and 2; Danford v. Crookshanks, 69 Mo. App. 311; Implement Co. v. Leonard, 40 Mo. App. 477.

ELLISON, J.—This action is based on five non-negotiable promissory notes. The verdict of the jury in the trial court was for plaintiff. Whereupon, defendants filed a motion for new trial which was sustained, and thereupon plaintiff appealed.

The notes were given to the Seevers Manufacturing Company in part payment of a "steam drilling outfit," and they were assigned to plaintiff. The answer, as claimed by defendant, set up a warranty of the machinery and a failure of warranty. Plaintiff's view, as expressed in his brief, is, that the answer did "not contain a negation of the warranties therein alleged." At the trial, after the close of plaintiff's case, defendant undertook to show certain warranties as to the efficiency and capacity of the drill. This was objected to by plaintiff for two reasons: first, that no breach of warranty was alleged in the answer, and, second, that plaintiff was an assignee for value and the alleged warranty was "a matter collateral to the notes sued on." The objection was sustained generally. The plaintiff only relies here on the point as to the sufficiency of the answer as pleading a warranty and breach thereof.

It will be noted that the objection to the sufficiency of the answer came through an objection to evidence. So if we should consider the answer insufficient if objected to by way of demurrer before the trial, it would not follow that it was so defective as to justify the refusal of all evidence thereunder. The rule is, that when an objection to a petition or answer as not stating a cause of action or defense, is made by way of an objection to evidence thereunder, the objection will be overruled if the pleading is sufficient after verdict. Marshall v. Furgeson, 78 Mo. App. 645; Donaldson v. Butler County, 98 Mo. 163; Hurst v. Ash Grove, 96 Mo. 168; Young v. Shickle, 103 Mo. 324; Hatten v. Randall, 48 Mo. App. 203. Those cases involved the sufficiency of a petition, but the same rule would apply to an answer.

Tested by this rule we have no doubt of the sufficiency of the answer and will consequently approve the trial court's action in concluding to grant a new trial. The answer contained the following allegations:

"The defendants further, in answer to plaintiff's petition, state that the contracts herein sued on were given, as stated, as part purchase price for one steam drilling outfit to the Seevers Manufacturing Company; that said drilling outfit was sold to defendants to be used in drilling and prospecting for mineral in the zinc and lead district of Missouri and Kansas; that said drilling machine was sold to defendants on a warranty made by the duly authorized agent of the Seevers Manufacturing Company to said defendants, that said machine would do satisfactory and speedy work, and do as good work as any drilling machines which are commonly used in the Missouri-Kansas zinc and lead district, and would also drill at least fifteen feet per day in solid limestone; that said defendants took said drill, tested and operated the same; that said machine was

unfitted and unsuitable for drilling in rock or stone, and was wholly unsatisfactory and of no use to defendants, and would not work in the locality for which it was intended and warranted. The defendants further state that a long time prior to the alleged assignment of the within contracts to plaintiff, the said defendants offered to return said machine to the Seevers Manufacturing Company,'' etc.

We are satisfied that while it could have been more specific, it yet could not be said that it wholly failed to state a defense based on a breach of warranty. There was a statement of express warranty and its failure.

Plaintiff makes some suggestions to the effect that defendants, in addition to offering to show a warranty, should have gone further and offered to prove a breach and damages. If defendants were cut off from the right to show a warranty, it would certainly have been quite useless to offer to show a breach or damages thereunder. The authorities cited by plaintiff in support of his suggestions are not in point.

The order granting a new trial is affirmed. All concur.