GEORGE J. MAUCH, Appellant, v. C. H. HORN-
BACK et al., Respondents.

Kansas City Court of Appeals, November 28, 1904.

APPELLATE AND TRIAL PRACTICE: Trial Before Court: Reviewing Finding: Presumption. Where a cause is tried before a court without instructions, the appellate court can not tell on what theory the case was tried, and will not weigh the evidence and review the finding, and must presume the trial court made a proper application of the law to the facts.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Shannon & Shannon* for appellant.

Considering the whole record it is apparent that the appellant is entitled to a judgment for the amount of the notes sued upon with interest. Such judgment therefor should be entered up in this court. Ringo v. Richardson, 53 Mo. 385; Hunt v. Railroad, 89 Mo. 607; Fine v. Schools, 39 Mo. 59; Murdock v. Ganahl, 47 Mo. 135; State to use of Heckart, 62 Mo. 427.

*Grant Emerron* and *S. C. Westcott* for respondents.

(1) The case having been tried by the court and no findings of fact having been made, no declarations of law having been asked for or given, no exceptions having been taken to the introduction of testimony and the verdict being a general one for respondents there are no questions of law or fact which the appellate court can properly review. James v. Life Assn., 153 Mo. 16; Miller v. Breneker, 83 Mo. 163; Altum v. Arnold, 27 Mo. 264; Canrom v. Sellew, 28 Mo. 320; Weilandy v. Lemuel, 47 Mo. 322; Easley v. Elliott, 43 Mo. 289; Wilson v. Railroad, 46 Mo. 36; Harrison v. Bartlett, 51 Mo. 170; Cunningham v. Snow, 82 Mo. 537; Wood v. Land, 22 Mo. App. 425, and cases cited; Rice, Stix & Co. v. Harper, 74 Mo. App. 383, and cases cited; Bray v. Kremp, 113 Mo. 553, and cases cited; Heidelback, etc., Co. v. Cole, 54 Mo. App. 139, and cases cited.

SMITH, P. J.—This cause was brought here by appeal on another occasion, (98 Mo. App. 389) when we approved the action of the circuit court granting a new trial. Before the new trial took place the defendants filed an amended answer admitting the execution of the notes sued on but denying the assignment. It further pleaded a contract of warranty and assigned several specific breaches thereof. These allegations were sup-

plemented with a counterclaim whereby the defendants sought to recover the four hundred dollars cash payment made on the purchase of the machine—the notes being given for the balance of it—and other specified items of damage.

As to the assignment of the notes which were non-negotiable, the evidence was contradictory and was such as to have warranted a finding either way on that issue. There was ample evidence introduced to establish the warranty as well as the alleged breach thereof. The defendants adduced further evidence tending to prove the allegations of the answer to the effect that they had offered to return the machine for the purchase price of which the notes were in part given.

The cause was tried by the court without the intervention of a jury. No declarations of law were requested, given or refused. The finding and judgment were for defendants. The motion for a new trial only alleged one ground therefor, to-wit: that the finding was unsupported by the evidence and contrary to the law. As has been already stated, the defendant adduced some evidence to support the defenses pleaded by their answer. The case is not that where there is no evidence to support the defenses pleaded. On the evidence the court might very well have found that the notes had not been assigned to plaintiff and that he was not the owner thereof, or it might have found for defendants on their counterclaim or on some other one of their defenses.

It has been repeatedly held that under our practice act where the court trying the issues of fact sits as a jury and gives a general verdict the only way in which errors can be corrected, if it decides erroneously or makes a misapplication of the law to the facts, is to ask instructions in order that the reviewing court may see on what theory the case was tried and determined. And that court will not in an action at law like this weigh the evidence and determine whether or not the

finding was correct on it. In this case we are not advised by the record before us whether the court found for the defendants on the law or facts, but we must assume the facts to be as found by it; and as no instructions were given or refused we cannot tell on what theory it determined the case. But we must presume that it made a proper application of the law to the facts. It would follow from this that the appeal has brought nothing before us for review. Rice v. McClure, 74 Mo. App. 383, and cases there cited.

As has been seen, the court might have found for defendants without touching upon the rule declared in Brown v. Weldon, 27 Mo. App. 251, 99 Mo. 564. As we can see from the evidence the trial court might with propriety have found the issues for the defendant on one or both theories, we can not therefore say that it adopted a different and erroneous theory in making its finding and for that reason overthrow it.

Perceiving nothing in the record justifying a disturbance of the judgment, it will be affirmed.

All concur.