PERSINGER v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, *Appellant.*

1.   **Practice** : GENERAL VERDICT : WAIVER.   The objection that the verdict is a general one in a case where the petition contains two counts, each stating a separate cause of action, must be pointedly called to the attention of the trial court, or the objection is waived. It is not sufficient that the motion in arrest of judgment states that upon the record the judgment is erroneous.

2.   **Railroads** : STATUTORY SIGNALS : KILLING STOCK : PRIMA FACIE CASE. Proof of failure of a railroad to ring the bell of its locomotive or to sound its whistle, as required by Revised Statutes, section 806, and of the killing of the stock, which was in a situation to escape if the signal had been given, makes a *prima facie* case against the defendant.

*Appeal from Daviess Circuit Court.*—HON. J. C. HOWELL, Judge.

AFFIRMED.

*Wells H. Blodgett* and *George S. Grover* for appellant.

The court erred in failing to instruct the jury that plaintiff could not recover on the first count, as there was no evidence connecting the failure to give the statutory signals with the injury. *Holman v. Railroad Co.*, 62 Mo. 562; *Wallace v. Railroad Co.*, 74 Mo. 597; *Braxton v. Railroad Co.*, 77 Mo. 455. As to the second count, which states an action at common law for negligence in the management of the train, even though the statutory signals were not given, yet if the engineer could not have stopped the train with safety, after he discovered the dangerous situation of the animal, he was not bound to do so. *Pryor v. Railroad Co.*, 69 Mo. 218; *Bell v. Railroad Co.*, 72 Mo. 61. The instruction given for plaintiff was erroneous, because it did not direct the attention of the jury to the different counts, or inform them on which one it authorized them to find a verdict. A general verdict upon a petition containing two or more counts, each stating a separate cause of action, is erroneous. *Mooney v. Kennett*, 19 Mo. 552; *Clark v. Railroad Co.*, 36 Mo. 202; *State v. Dulle*, 45 Mo. 271; *Brownell v. Railroad Co.*, 47 Mo. 239; *City v. Allen*, 53 Mo. 44; *Owens v. Railroad Co.*, 58 Mo. 394.

*Tillehan & Brosius* for respondent.

SHERWOOD, J.—Action before a justice of the peace. Statement as follows:

" Plaintiff states that defendant is a corporation, duly organized in pursuance of law, and that on the 7th day of July, 1880, it was the owner and occupier of a certain railroad, with the cars and locomotives thereto belonging,

known as the Wabash, St. Louis & Pacific Railroad, running from the city of St. Louis, in the State of Missouri, to the city of Omaha, in the State of Nebraska. That on said day, in Benton township, Daviess county, Missouri, the defendant, by its agents, officers and servants, while running its said locomotives and cars upon said railroad, caused the same to approach and pass over a traveled public road, being a crossing of said railroad in said township of Benton, Daviess county, Missouri, without ringing the bell of said locomotive, or sounding the steam whistle thereon, as required by section 806 of article 2, page 138 of Revised Statutes of the State of Missouri. That by reason of such neglect of defendant, its officers, agents and servants, without any fault or negligence on the part of the plaintiff, the said locomotive struck one brindle or roan cow belonging to the plaintiff and killed and wounded the same, to plaintiff's damage $35, for which he prays judgment.

"Plaintiff further states that defendant, on or about the 7th day of July, 1880, in Benton township, in the county of Daviess, in the State of Missouri, did by its agents, servants, locomotive and railroad cars negligently and carelessly run over, maim and kill certain cattle belonging to the plaintiff, to-wit: one cow of the value of $35, for which he asks judgment."

There was a conflict of evidence on the point whether the statutory signal was given the required distance before the train reached the crossing, and there was no evidence which connected the failure to perform the statutory duty, if there was such a failure, and the killing of the cow ; nor did it appear in evidence that the allegations of the second count were supported. The court refused an instruction in the nature of a demurrer to the evidence, asked by defendant, and gave this instruction on behalf of plaintiff of which defendant makes complaint:

"If the jury believe from the evidence that the defendant, by its agents and servants, in running the train in

question, failed to ring the bell at a distance of eighty rods from where the cow was struck and to keep said bell ringing until said train reached said crossing, or to blow the whistle eighty rods from said crossing and to sound the same at intervals until said train had crossed said public crossing, and that by reason of such negligence of said railroad company, in so failing to ring said bell or sound said whistle, defendant, by its agents and servants, struck and killed plaintiff's cow, they will find for plaintiff and assess his damage at the value of said cow."

The jury returned a general verdict for the plaintiff:

" We, the jury, find for the plaintiff, and assess his damages at $30."

I. Defendant claims that the judgment should be arrested because there were two counts in the complaint and the verdict was general. Granting, for the moment, that this was error, still the proper advantage was not taken of it in the motion to arrest. That motion is too general in its terms. It merely states that " upon the record the judgment is erroneous." This does not pointedly call the attention of the trial court to the error now complained of, and is therefore, insufficient. *Sweet v. Maupin*, 65 Mo. 65 and cases cited.

II. Touching the point that there was no evidence connecting the failure to give the statutory signals with the death of the animals it is sufficient to say that in the opinion of a majority of the members of this court, the facts in this case bring it within the principle announced in the cases of *Turner v. R. R.*, 78 Mo. 578, and *Kendrick v. R. R.*, 81 Mo. 521.

Therefore, the judgment is affirmed. All concur.

I will express my views further in a separate opinion.

### Separate Opinion.

Sherwood, J.—On the point of the necessity of showing connection between the failure to give the statutory

signal, and the death of the animal, my individual opinion is that *prima facie* you have done this, whenever you have shown the neglect to give the signal and the death of the animal, and that more than this is not required.

It is not necessary, in my opinion, to show by the evidence that the animal was not tied, nor any other extraneous fact or circumstance, because your proof need never be broader than your allegations, and it will not be seriously contended that in a case like the present, you would have to allege that the animal was not in a condition to move at the time of being struck by the cars. Norton, J., concurs with me.