CRUMPLEY v. THE HANNIBAL & ST. JOSEPH RAILROAD
COMPANY, *Appellant.*

### Division Two, July 1, 1892

1. **Railroads**: PUBLIC CROSSINGS: BURDEN OF PROOF. Under Revised Statutes of 1889, section 2608, making railroads liable for injuries occasioned by failure to ring a bell or to sound a whistle at a public crossing, but permitting them to show that the failure to do so did not cause the injury, the burden of proof, where it appears the signals were not given, is on the company as to the cause of the injury.

2. ——: ——: CONTRIBUTORY NEGLIGENCE: BURDEN OF PROOF. Contributory negligence is an affirmative defense which the party alleging must prove.

3. ——: ——: ——: ——. One crossing a railroad track at a public crossing will be presumed to have exercised due care and diligence, in the absence of evidence to the contrary.

4. ——: ——: ——: ——. Such person has a right to assume that the statutory signals will be given, and to so act.

*Appeal from Nodaway Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*C. A. Mosman* for appellant.

(1)   The demurrer to the evidence under the first count should have been sustained. It was the duty of Samuel Crumpley in approaching the crossing to exercise the degree of care commensurate with the danger to be apprehended there, and he should have approached the crossing under the apprehension that a train might be expected at any moment. He was familiar with the wagon road crossing, and he knew that the regular train was due and had not gone by.

If the view of the train from the highway was obstructed, this should only have increased his vigilance. *Stepp v. Railroad*, 85 Mo. 235; *Fletcher v. Railroad*, 64 Mo. 490; *Railroad v. Huston*, 95 U. S. 697; *Dlauhi v. Railroad*, 105 Mo. 654; *Seefeld v. Railroad*, 70 Wis. 276. (2) It clearly appears, without any conflict in the evidence, from the plaintiff's own witnesses, that Mr. Crumpley was guilty of negligence proximately contributing to the injury. *Hixon v. Railroad*, 80 Mo. 340; *Boyd v. Railroad*, 105 Mo. 371; *Harlan v. Railroad*, 64 Mo. 480; *Butts v. Railroad*, 93 Mo. 437; *Turner v. Railroad*, 74 Mo. 602; *Kelley v. Railroad*, 88 Mo. 546; *Railroad v. Lee*, 68 Ill. 576; *Coneley v. Railroad*, 88 N. Y. 336; *Railroad v. Richter*, 42 N. J. L. 180; *Bloomfield v. Railroad*, 74 Iowa, 608;. *Shafert v. Railroad*, 17 N. W. Rep. 894; *Matti v. Railroad*, 37 N. W. Rep. 54; *Haas v. Railroad*, 47 Mich. 401; *Pence v. Railroad*, 19 N. W. Rep. 785. (3) The giving of plaintiff's first and second instructions was error. The first was in the nature of an abstract proposition of law and was misleading. The second was an attempt to apply that abstract proposition to the facts in the case. Neither of these instructions correctly declared the law. *Terry v. Railroad*, 89 Mo. 85; *Van Note v. Railroad*, 70 Mo. 642; *Halfarty's case*, 82 Mo. 90; *Turner v. Railroad*, 78 Mo. 578. The error committed in the first instruction was strongly emphasized in the second, and repeated in the seventh. The jury must have been impressed with the erroneous idea conveyed in their minds by the language of these instructions. *Scovill v. Glasner*, 79 Mo. 457; *Gay v. Gilliland*, 92 Mo. 258; *Frederick v. Allgaier*, 88 Mo. 603; *Staples v. Canton*, 69 Mo. 594; *State v. Herrell*, 97 Mo. 110; *Stone v. Hunt*, 94 Mo. 481. (4) It was error for the court to give to the jury plaintiff's seventh instruction. If there is any case where such a presump-

tion as mentioned in said instruction could arise, it would only be in a case where the defendant failed and neglected to both sound its whistle and ring its bell. The law raises no presumption from the simple failure of the defendant to give one of these signals. *Terry v. Railroad*, 89 Mo. 587. See cases cited above on this point.

*James W. Boyd* for respondent.

(1) The demurrer to the evidence should not have been given. It was not error to refuse it. *First.* The deceased probably stopped, looked and listened before going onto the crossing. The evidence does not show that he did not, but if he had done so he could have heard the train in the absence of the proper signals. The train was running at the rate of thirty miles per hour. The presumption is that he was in the exercise of ordinary care and diligence at all times in the discharge of his duties, until the contrary be shown, and it devolves upon the defendant to show the want of proper care on the part of the deceased, and there is no evidence showing any want of proper care on his part. *Parsons v. Railroad*, 94 Mo. 286; *Buesching v. Gaslight Co.*, 73 Mo. 219; *O'Connor v. Railroad*, 94 Mo. 150; *Johnson v. Railroad*, 77 Mo. 546; *Thompson v. Railroad*, 51 Mo. 190; *Petty v. Railroad*, 88 Mo. 306; *Donohue v. Railroad*, 91 Mo. 357–363. *Second.* Even if the defendant had shown that the plaintiff did not look or listen, still negligence could not be imputed to him on that account, if by so doing he could not have seen or heard the train before he went upon the crossing. *Petty v. Railroad*, 88 Mo. 306; *O'Connor v. Railroad*, 94 Mo. 150. *Third.* The presumption is that the deceased exercised diligence and care in order to protect himself from danger. *Petty v. Railroad*, 88

Mo. 320; *Buesching v. Gaslight Co.*, 73 Mo. 219; *Parsons. v. Railroad*, 94 Mo. 286; *Johnson v. Railroad*, 77 Mo. 547. *Fourth*. The deceased is presumed to have been in the exercise of care and diligence. *Parsons case*, 94 Mo. 294; *Thompson case*, 51 Mo. 194; *Huckshold case*, 90 Mo. 248, and cases above cited. (2) Plaintiff's instructions 1 and 2 are correct under the evidence, under any view that may be taken of the law. *Kenney v. Railroad*, 105 Mo. 270. Taken together they fairly present the law, and in such case there is no error. *Harrington v. City*, 98 Mo. 583; *State v. Mathews*, 98 Mo. 125; *Reilly v. Railroad*, 94 Mo. 600.

THOMAS, J.—This action was brought to recover the statutory penalty of $5,000 for the death of the plaintiff's husband, caused, as she alleges in her petition, by the negligence of the operatives of a train of the defendant in failing to give the signal of bell or whistle as it approached the crossing where he was killed. This is the second appeal. The judgment was reversed on a former appeal for reasons given in the opinion of this court reported in 98 Mo. 34. On the second trial the verdict was for plaintiff on the issue of the failure to ring the bell or sound the whistle alone, and, hence, the issue in regard to the defectiveness of the crossing, with its incidents, is eliminated from the questions presented for our consideration at this time.

Plaintiff's husband, Samuel Crumpley, was killed at what is known as the Oak Hill crossing of the defendant's railway, about a mile and a half east of the city of St. Joseph, on the eighteenth day of July, 1885, at about fifty minutes after six o'clock in the evening. A public road running north and south crosses the railroad track at right angles at Oak Hill. Another road, leading east from the city of St. Joseph, runs parallel with

and a little over fifty feet from the railroad track for about a mile before reaching the crossing in question. The railroad right of way is fenced, and this road runs along outside of the fence and close to it. The point of intersection of this east and west road with the one running north and south is about fifty feet north of the track at the Oak Hill crossing. From this point of intersection to the railroad track is an elevation, variously estimated by the witnesses from eight to twelve feet, the last twenty feet of the distance before reaching the track being quite steep. The railroad here runs east and west, and east of the crossing there was a cut of eighteen feet at its maximum depth, the cut beginning only a short distance east of the crossing. At the crossing and west of it there was a fill. East of the north and south dirt road and adjacent to it, and north of the railroad;inside of the right of way, there were weeds and brush ten or twelve feet high at the time of the collision; there·was also a fence running to the track. The deceased had been to St. Joseph the day he was killed with a load of corn. He bought some things, and started home in a farm wagon, driving along the said east and west road, and when he reached the crossing, and while on it, a passenger train, coming from the east at the rate of thirty miles an hour, struck and killed him. There was no evidence whatever as to what he did before attempting to cross. The testimony was conflicting as to whether the bell of the engine was rung or the whistle sounded as the train approached this crossing. The evidence on the part of plaintiff was that neither one of these signals was given, while that on the part of defendant shows that both were given. The evidence was also conflicting as to the distance a train could be seen on the approach from the north to the Oak Hill crossing, many witnesses stating that no train could be

seen till the track was reached, and then only for a distance of sixty or seventy yards, due to a curve in the road, others stating a train could be seen four hundred or five hundred feet away, when standing at the track or near it, and from two hundred and fifty to three hundred feet when from twelve to twenty-eight feet from the track. On this point the engineer in charge of the train testified that he was two hundred and sixty or two hundred and seventy feet from Crumpley when he saw him, and then he was just in the act of going on the track, the curve in the road preventing him from seeing him sooner.

The statement of the engineer is probably as accurate as any that could be made in regard to the distance a train could be seen on the approach to the crossing at the time of the accident, and under the conditions then existing, the observations of some of the other witnesses having been made long afterwards.

I. The court refused to direct a nonsuit, and in this we think it committed no error. There was ample evidence on the part of the plaintiff that none of the statutory signals were given on the approach of the train to this crossing. Section 2608, Revised Statutes, 1889, first enacted as it now exists in 1881 (Session Acts, 1881, p. 79), makes railway corporations liable for all damages which any person may sustain at a public crossing, by failing to ring a bell or sound a whistle on approaching it, but permits these corporations to show that the failure to ring the bell or sound the whistle is not the cause of the injury. This statute shifts the burden of proof to the corporations as to the cause of the injury when it appears the statutory signals are not given. The rule, however, in regard to the contributory negligence of the injured party remains the same in this class of cases as in others. Was deceased, then, guilty of contributory negligence

in going on the track at the time he did? The record is silent as to his conduct as he approached and went on the crossing. No one saw him till the instant he was struck. Whether he looked or listened for an approaching train, no one knows. Contributory negligence is an affirmative defense, which the party alleging it is required to prove. *O'Connor v. Railroad*, 94 Mo. 150, and cases cited. And in this case the burden was on defendant to show that deceased did not exercise care, in the absence of proof to the contrary. The presumption is that he was at the time in the exercise of care and diligence. *Parsons v. Railroad*, 94 Mo. 286; *O'Connor v. Railroad*, 94 Mo., supra; *Buesching v. Gaslight Co.*, 73 Mo. 219; *Johnson v. Railroad*, 77 Mo. 546; *Thompson v. Railroad*, 51 Mo. 190; *Petty v. Railroad*, 88 Mo. 306; *Donohue v. Railroad*, 91 Mo 357; *Huckshold v. Railroad*, 90 Mo. 548.

But the evidence of the engineer conclusively shows that deceased could not have seen the train in time to have avoided the catastrophe, if he had looked, *for the train did not come around the curve and in view until he was "in the act of coming onto the track."* Looking, therefore, *before he reached the track*, would have been fruitless, and if the signals were not given listening would have been fruitless likewise. In *such case* he could not be held to have been guilty of negligence directly contributing to his injury by failing to look and listen for an approaching train. In attempting to cross this road, he had a right to assume that defendant would give the statutory signals, and thus warn him of impending danger, and to act on that assumption. *O'Connor v. Railroad*, supra; *Kenney v. Railroad*, 105 Mo. 270.

II. Complaint of the instructions is made. The instructions given at the instance of defendant on the question of contributory negligence were certainly as

favorable to defendant as the law warrants, and no error in regard to them is assigned.

The instructions of which complaint is made are as follows: "1. The court instructs the jury that under the law in this state it was the duty of the defendant's servants and agents, in running, conducting and managing defendant's locomotive engine and train of cars, when approaching any traveled public road, to ring its bell on such locomotive engine at a distance of at least eighty rods from the place where its railroad crossed any traveled public road, and to keep the bell ringing until it crossed such road, or to sound a steam whistle on such engine at least eighty rods from the place where its railroad crossed any such public traveled road, and to keep sounding such steam whistle at intervals until it shall have crossed such road; and a failure on the part of the servants and employes of any railroad company running and managing its locomotive and train of cars to ring such bell or sound such whistle, as hereinabove described, at such times and places as hereinabove specified, is negligence.

"2. If the jury believe from the evidence that plaintiff was the wife of said Samuel Crumpley when he was killed, and that said Samuel Crumpley was, on or about July 18, 1885, killed in consequence of being struck by defendant's train of cars in charge of and being run by defendant's agents and employes, without any fault or negligence on his part contributing to said injury, at a point on defendant's said railroad where the same then crossed and intersected a public road then open to public use, at the place known as Oak Hill crossing, and that the defendant's servants and agents in charge of and running said train failed to ring the bell or sound the whistle in the manner set forth in instruction, numbered 1; and that the killing of said Crumpley resulted from such failure of defend-

ant's servants to ring the bell or to sound the whistle in the manner so specified in said instruction, numbered 1, then the jury will find for plaintiff under the first count in the petition, and assess her damages at the sum of $5,000."

Defendant's attorney says: "It was not true as stated in the first instruction, that the failure to ring the bell of itself constituted negligence; nor is it true, as stated in said instruction, that the failure to sound the whistle constituted negligence. A disregard of neither one of these requirements constitutes negligence. In order that a railway company shall be guilty of negligence, it must be guilty of the omission of both these duties. The law will be complied with by doing either the one or the other. *Terry v. Railroad*, 89 Mo. 587; *Van Note v. Railroad*, 70 Mo. 642. Under the second instruction, the jury were compelled to render a verdict for the plaintiff, in case they found that the defendant's servants failed in one of these particulars, although they further believed that defendant's servants had fully complied with the law in respect to the other. It mattered not how precisely and exactly the defendant had complied with the law in respect to ringing its bell, unless it had been equally as precise and exact in respect to sounding the whistle. Under this instruction, a failure in either one of these two particulars necessarily resulted in the jury finding a verdict against the defendant."

We think this argument, though plausible, is somewhat hypercritical. The instructions in our opinion did not authorize the jury to find that the defendant company was bound to ring the bell *and* sound the whistle before exempting it from liability. In the first part of the first instruction the duty to ring the bell or sound the whistle is stated in unambiguous language. This the learned counsel concedes, but it is claimed

that in the restatement of the duty the defendant was to be held liable if it failed in either particular. We do not think so. In the restatement in the latter part of the first instruction and in the second instruction reference is made to the first instruction as to the duty and the manner of its performance. Taking the instructions altogether, therefore, the jury could not have understood that defendant was guilty of negligence unless it failed to ring the bell *and* sound the whistle. The ordinary reading of the instructions would indicate to the mind that if defendant either rang the bell or sounded the whistle it was not liable.

The judgment will be affirmed. All concur.