MIDGETT, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY et al., Appellants.

St. Louis Court of Appeals, April 30, 1907.

1. **RAILROADS: Sounding Bell and Whistle: Prima Facie Case.** In an action against a railroad company for killing plaintiff's cow at a crossing, plaintiff made out a prima facie case by showing the killing and failure on part of defendant to ring the bell or sound the whistle as required by statute.

2. ———: ———: ———: **Rebuttal of Presumptions.** But the defendant could rebut the presumption by showing such failure was not the cause of the injury; proof that the cow was on her way home to her calf and would be less liable to be turned from her path by the bell or whistle than under ordinary circumstances was sufficient to warrant an instruction submitting the issue of whether the failure to sound the bell or whistle caused the injury.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*L. F. Parker* and *Moses Whybark* for appellant.

(1) Instruction numbered 1 given on behalf of the plaintiff authorized the jury to find for the plaintiff if they were satisfied from the evidence that the bell was not rung and the whistle sounded at least eighty rods before reaching the crossing, and it neglected to cause said whistle to be sounded at intervals until the train reached the crossing. This instruction is wrong. A compliance with either duty was sufficient. R. S. 1899, sec. 1102; Turner v. Railroad, 78 Mo. 578; Downing v. Railroad, 70 Mo. App. 657. (2) The plaintiff makes a prima facie case when he shows that his animal was killed or injured by a train at a public crossing, and that the bell was not rung or the whistle sounded; but the defendant may show that the failure to ring such bell or sound such whistle was not the cause of the injury and this question should have been submitted to the jury, and the court by refusing such instructions committed error. R. S. 1899, sec. 1102; Atterberry v. Railroad, 110 Mo. App. 609.

*J. V. Conran* for respondent.

STATEMENT.—The count of the petition on which the cause was submitted to the jury alleged that plaintiff's cow was struck and killed "by the engine and cars of the defendant while the same were being negligently operated by the servants, agents and employees of the defendant on a public crossing, by reason of the failure and neglect of the agents, servants and employees of defendant to ring the bell, or sound the whistle on the engine, at a distance of at least eighty rods from the point where said animal was on the crossing, the bell or whistle or neither one of them being sounded within the said distance; that by reason of said negligence said ani-

mal was killed, to the damage of the plaintiff in the sum of fifty dollars."

The answer admitted that defendants were corporations and denied all other allegations of the petition.

Plaintiff's evidence shows that his cow was struck and killed at a public crossing, by an engine and passenger train running at a speed of thirty-five miles per hour; that the whistle was not sounded or the bell rung until the engine struck the cow; that the cow was crossing the track when struck. Defendants' evidence tends to show the whistle was sounded when the train was at least eighty rods from the crossing, and the bell was continuously rung until the crossing was passed; that the engineer did not see the cow coming towards the track until the train was within one hundred yards of the crossing, and she could not have been seen at a greater distance; that as soon as she came into view the stock alarm was sounded and the engineer did all in his power to stop the train to avoid the collision, but it was impossible to stop it in safety within a hundred yards.

The court gave the following instruction for plaintiff:

"The court instructs the jury that it was the duty of the defendants' servants and employees in charge of the locomotive and train to cause the bell on the locomotive to be rung at a distance of at least eighty rods before reaching the crossing where the cow was killed, and to keep said bell ringing until the train had reached the crossing; or to cause the steam whistle to be sounded at least eighty rods from said crossing, and to cause it to be sounded at intervals until the locomotive reached said crossing; and if the jury are satisfied by the evidence that defendants' servants or employees in charge of said locomotive and train did neglect to cause said bell to be rung, as above stated, and also further neglected to cause said whistle to be sounded at least eighty

rods before reaching said crossing, and did neglect to cause said whistle to be sounded at intervals until said train reached said crossing, and if the jury further find that the killing of plaintiff's cow was caused by such negligence, they should find for the plaintiff."

BLAND, P. J. (after stating the facts).—1. The instruction does not, as contended by defendants, authorize the jury to find for plaintiff, if they were satisfied from the evidence that the bell was not rung and the whistle sounded at least eighty rods before the train reached the crossing. The instruction told the jury it was defendants' duty to do one or the other, and if they neglected to do either to find for plaintiff.

2. The court refused the following instructions asked by defendants:

"1. The court instructs you that even though you believe from the evidence that the engineer did not sound the whistle or ring the bell of the locomotive for a distance of eighty rods from the crossing, and continue the same at intervals until the train had passed over the crossing; yet, if you further believe from the evidence that this failure did not cause the injury, you will find the issues for the defendants.

"2. You are further instructed that even though you may believe from the evidence that the engineer failed to sound the whistle or ring the bell before the animal got upon the track, yet, if you may further believe from the evidence that after the animal came upon the track he used such care as a reasonable man would have used in the same situation to prevent the injury, you will find for the defendants."

Proof of the failure of defendants' servants to ring the bell or sound the whistle made out a prima facie case for plaintiff, but the defendants had a right to rebut this prima facie case by showing that the failure to ring the bell or sound the whistle was not cause of the injury.

[R. S. 1899, sec. 1102; Persinger v. Railroad, 82 Mo. 196; Crumpley v. Railway, 111 Mo. 152, 19 S. W. 820; Lloyd v. Railway, 128 Mo. 595, 29 S. W. 153, 31 S. W. 110; Atterbury v. Railroad, 110 Mo. App. 608, 85 S. W. 114.] The evidence shows that the cow did not stop on the crossing, but walked upon it and was struck and killed. The statute (sec. 1102, supra) raised the presumption that if the whistle had been sounded or the bell rung, the noise would have frightened the cow from the crossing and she would have escaped injury. As said by PHILIPS, C., in Kendrick v. Railroad, 81 Mo. l. c. 532, "The Legislature has imposed this duty on the railroad companies, presumably because the known tendency of such noise is to frighten stock away, and the statute should stand for a reason." In the same case and on the same page, it is said: "It is true, there was evidence pro and con, as to whether the sounding of the whistle or the ringing of the bell would likely have attracted the attention of the hog and caused it to have moved from the track. But this evidence was incompetent and immaterial." In Kelly v. Railroad, 88 Mo. 534, it was ruled: "In an action against a railroad for injuries to plaintiff's team by one of its trains by reason of the failure to ring the bell of the locomotive within eighty rods of the crossing, evidence to show connection between such failure to ring the bell and the injury to the team is irrelevant and unnecessary." Opinion evidence, as to whether unfettered stock would or would not have been frightened by the noise of the whistle or bell, is inadmissible in an action brought for injuries to stock caused by a violation of this statute. But if there are unusual conditions or surroundings for which the railroad company is not responsible, or if the stock injured is under excitement not caused by the company and which might have caused said stock to be oblivious to, or unheedful of the noise of the whistle or bell, such facts, we think, may be shown for the purpose of re-

butting plaintiff's prima facie case arising from a showing that the whistle was not sounded or the bell rung. Plaintiff's cow was a milch cow and at the time she was killed (five o'clock p. m.) was on her way home to her calf, and hence was less likely to be turned from her path by the sounding of the whistle or the ringing of the bell than would stock under ordinary circumstances. On this evidence we think defendants were entitled to their refused instruction numbered 1, as it tended in a measure to rebut plaintiff's prima facie case. For the reason defendants' instruction numbered 2 ignores the negligence of defendants in failing to ring the bell or sound the whistle, it was properly refused. For error in refusing instruction numbered 1, the judgment is reversed and the cause remanded.