WALTER R. BROWN, Respondent, v. KANSAS
CITY, CLINTON & SPRINGFIELD RAILWAY
COMPANY, Appellant.

**Kansas City Court of Appeals, June 17, 1912.**

1. NEGLIGENCE: Injured at Crossing: Failure to Whistle for
Crossing.  Plaintiff sued for damages for injuries received by a
collision of his wagon with a locomoti.e while driving a team of
horses hitched to said wagon, on a public wagon road over a
crossing of defendant.  He stopped, looked and listened before
going over the crossing. but neither he nor his companions who
were riding in the wagon with him could see or hear any train
approaching, and no whistle was sounded.  The train was run-
ning light, down grade with so little noise that an attentive per-
son in plaintiff's situation could not hear it and because of
obstructions to vision could not see it.  *Held,* that the demurrer
to the evidence was properly overruled.

2. ——: **Statute: Crossing Signals.** Section 3140, Revised Statutes 1909, imposes the duty on railroads to signal for crossing and a failure to give such signals is *per se* negligence.

Appeal from Cass Circuit Court.—*Hon. W. A. Whitsett*, Judge.

AFFIRMED.

*John H. Lucas* and *Charles W. Sloan* for appellant.

It was the duty of the respondent before driving upon the tracks of appellant to stop, look and listen, and inform himself as to the proximity of the train before attempting to cross. Elliott, 2nd Ed., 3rd Vol., p. 1143, pages 310 and 311; Boyd v. Wabash, 105 Mo. l. c., 376, 377; Zimmerman v. Co., 71 Mo. 476; Stotler v. Railroad, 204 Mo. 638; Kelsay v. Railroad, 129 Mo. 372; Schaub v. Railroad, 133 Mo. App. 450; Sanguinette v. Railroad, 196 Mo. 466; McManamee v. Railroad, 135 Mo. 440. There is no evidence that appellant's agents were negligent in any manner. See authorities Subdivision No. 1; Newton v. Railroad, 152 Mo. App. 167; Waggoner v. Railroad, 152 Mo. App. 173.

*W. D. Summers* and *Ball & Ryland* for respondent.

A failure to give the statutory signal is held to be negligence *per se*. Gratiot v. Railroad, 116 Mo. 450. The right of an injured traveler to recover for an injury at a crossing depends upon the facts connected with such injury, and where the evidence is conflicting, it is a question for the jury. Herring v. Railroad, 80 Mo. App. 562; Petty v. Railroad, 88 Mo. 306; Murry v. Railroad, 101 Mo. 236; Gratiot v. Railroad, 116 Mo. 450; King v. Railroad, 143 Mo. App. 279. If company has made crossing dangerous by placing of cars in such position as to obstruct the view of the track, it

is bound to use precautions commensurate with the increased danger and to give signals. White on Personal Injuries on Railroads, Vol. 2, section 957. Under the law of Missouri, the railroad company must establish that the signals were given, where an injury occurs at a crossing of a highway, and proof that no signals were given raises the presumption, against the company, that this was the proximate cause of the injury to the traveler. Crumpley v. Railroad, 111 Mo. 152; Coffin v. Railroad, 22 Mo. App. 601. Where witnesses near at hand and in position to see and hear, testify that no signals were given, they may be believed, as against others, who state that the signals were given. Railroad v. Cauffman, 38 Ill. 424. The fact that plaintiff urged his team across the track, or the fact that his team became frightened and rushed across the track, is not negligence on the part of the plaintiff. Lang v. Railroad, 115 Mo. App. 489.

JOHNSON, J.—Plaintiff was injured at a public road crossing in a collision between his wagon and a train on defendant's railroad, and sued to recover the resultant damages sustained by him on the ground that his injury was caused by negligence of defendant in the operation of the train. The answer is a general denial. At the close of the evidence a request of defendant for a peremptory instruction was refused and issues of fact were submitted to the jury in appropriate instructions. A verdict for plaintiff was returned and after its motion for a new trial was overruled defendant appealed. The only claim of error advanced by counsel for defendant in his brief and argument is that plaintiff failed to make out a case to go to the jury and that the court should have sustained the demurrer to the evidence.

The injury occurred late in the afternoon of April 17, 1911, just inside the corporate limits of the city of

Harrisonville, at a crossing of a public wagon road and defendant's railroad. Plaintiff, a farmer, was driving a large, spirited team hitched to a new farm wagon. A companion was seated with him and a farm hand stood immediately behind them supporting himself by holding to the back of the seat. The tracks of three railroad companies run parallel to each other through Harrisonville from northeast to southwest. The wagon road under consideration approaches these tracks from the southeast and continues in a northwest course until it crosses the middle tracks where it turns on a wide curve to the west and crosses the last tracks—those operated by defendant—at an acute angle. Plaintiff approached the crossing from the southeast. First he crossed the tracks of the Missouri Pacific Railway Company, passing the depot which was on the right hand side of the public road. Then he passed over the space between that crossing and the crossing of two tracks (the main line and a switch) of the Missouri, Kansas & Texas Railroad. The switch track was fifty feet beyond the main line. Approximately 150 feet further on was the crossing of a switch track of defendant and twenty feet beyond that was the crossing of the defendant's main line where the collision occurred. Buildings and other obstructions, including freight cars standing on defendant's switch track, obstructed the view to the northeast from a point some distance southeast of the Missouri Pacific crossing and the evidence of plaintiff shows that it was impossible for the occupants of the wagon to see a train approaching from the northeast on defendant's main line until after they emerged from behind the box cars on the switch. At that time the heads of the horses were not over four feet from the main track and a passenger train coming from the northeast at thirty miles per hour was not over one hundred and fifty feet form the crossing. Danger blasts from the locomotive whistle caused the team to

become unmanageable and to plunge and bolt over the crossing. The locomotive struck the rear end of the wagon and plaintiff was injured in the collision.

The evidence of plaintiff tends to show that no signal was given for the crossing either by whistle or bell. When the wagon was crossing the switch track of the Missouri, Kansas & Texas road and was, perhaps 150 feet from the place of collision, plaintiff and his companions heard a crossing signal for another crossing a quarter of a mile to the northeast and they agreed the signal was from a train on one of the other roads. But to guard against a possible mistake plaintiff stopped momentarily and hearing nothing started the team forward in an ordinary walk. He and his companions continued to look towards the northeast and to listen but none of them became aware of the presence of the approaching train until an instant before the danger signal was sounded, when it was too late to prevent a collision owing to the fright of the horses.

The petition alleges that ''defendant negligently failed to sound the whistle of the locomotive engine eighty rods before approaching the crossing and to continue to sound the same at intervals until said crossing was passed and failed to ring the bell thereon at a distance of eighty rods from said crossing and to keep said bell ringing until said locomotive had crossed the highway.''

We have stated the facts of the case from the viewpoint of plaintiff's evidence and since we are asked to consider no other questions than those presented by the demurrer of defendant it will not be nessessary to refer to the evidence of defendant which tended to show that the engineer gave the proper signal for the crossing and that the injury was caused by plaintiff's own negligence.

Assuming, as we must, that neither the whistle was sounded nor the bell rung for the crossing and that

the train which was light was running down grade with so little noise that an attentive person in the situation of plaintiff could not hear it and because of the obstructions to vision could not see it, we do not hesitate in declaring that the evidence of plaintiff warrants the conclusion that defendant was negligent in the operation of the train and that its negligence was the proximate cause of the injury.

The statute (Sec. 3140, R. S. 1909) imposed the duty on defendant to signal for that crossing and the failure to give the signal *per se* was an act of negligence. [Gratiot v. Railway, 116 Mo. 450; Petty v. Railway, 88 Mo. 306; Herring v. Railway, 80 Mo. App. 562; King v. Railroad, 143 Mo. App. 279.] Proof that no signal was given raises an initial presumption that such failure was the proximate cause of the injury and casts the burden on the company of showing that it was not such cause. [Crumpley v. Railway, 111 Mo. 152.] Facts and circumstances in evidence give aid to this presumption and the question of proximate cause is presented by all the evidence as one involving an issue of fact for the jury to solve. It is a fair inference that plaintiff and his companions who were not inattentive would have heard the signal had one been given and thereby would have been enabled to avoid the collision. But counsel for defendant argue that plaintiff was guilty of contributory negligence in law in driving into a dangerous position after he knew a train was approaching from the northeast.

It is true a railroad track is a warning of danger and that on approaching a railroad crossing one must use his senses for his own protection and must not rely entirely on the presumption that the company will perform its duty with reference to the giving of signals but the duty of the traveler on the highway who has a right to use the crossing and to expect that his right will be acknowledged is to use ordinary —not extraordinary care—such care as an ordinarily

careful and prudent person in his situation would observe under such circumstances. We cannot say that plaintiff was guilty of negligence in law. He stopped, looked and listened and not being apprised that a train was approaching, on defendant's track, and believing the train he had heard whistle was on one of the other roads, proceeded forward slowly and attentively. The only thing he could have done that he did not do would have been to stop the team in a place of safety and go forward on foot to a place from which he could have seen the train. To hold as a matter of law that he should have done this would be to hold him to the exercise of extraordinary care. Had the issue of contributory negligence been tendered by the answer we would say that the conduct of plaintiff was an issue of fact for the jury to determine. Certainly he was not negligent in law. The case is very similar in vital respects to that of Mitchell v. Railroad, 122 Mo. App. 50, and we refer to our opinion in that case for a more extended discussion of the rules we find controlling the present case. The court properly overruled the demurrer to the evidence.

The judgment is affirmed. All concur.