DEWEESE v. THE MERAMEC IRON MINING COMPANY, *Appellant.*[*]

.128 423
89a 128

| 128 | 423 |
|-----|-----|
| 174 | ²303 |

Division Two, May 21, 1895.

1. **Negligence**: MASTER AND SERVANT: MINES. When persons at work in a mine are, owing to the condition of its slopes, in danger of injury from stones rolling down such slopes, and the owner of the mine knows of the danger, it is his duty to use reasonable care to prevent injury to his employees therefrom.

2. **Master and Servant**: FELLOW SERVANT: NEGLIGENCE. In an action by a servant against his master for personal injuries, it is only when the negligence of a fellow servant is the whole cause of the injuries that it will avail the master as a defense.

3. **Instructions**: WAIVER OF ERROR. When the instructions in a case, taken as a whole, properly present it to the jury, the fact that one of them standing alone would be misleading will not cause a reversal of the judgment of the trial court.

[*]These syllabi are taken from 54 Mo. App. 476.

*Certified from St. Louis Court of Appeals.*

AFFIRMED.

*Lee & McKeighan* for appellant.

(1) The court erred in giving instruction number 1. This instruction entirely ignores any supposed or alleged negligence or want of care on the part of the defendant or its superintendent. (2) A master is not a warrantor or insurer of his servants' or employees' safety. *Hayden v. Mfg. Co.*, 29 Conn. 548; *Ballon v. Railroad*, 54 Wis. 259; *Porter v. Railroad*, 71 Mo. 66; *Anderson v. Clarke*, 29 N. E. Rep. 589; *Heath v. Coal, etc., Co.*, 65 Iowa, 737. (3) Even in cases of the use of machinery by the servant, or appliances, the master is not an absolute insurer of his servants' or employees' safety. *Tabler v. Railroad*, 93 Mo. 79; *Bowen v. Railroad*, 95 Mo. 268; *Gutridge v. Railroad*, 94 Mo. 468; *Parsons v. Railroad*, 94 Mo. 286; *Huhn v. Railroad*, 92 Mo. 440; *O'Donnell v. Baum*, 38 Mo. App. 245. (4) The court erred in giving instruction number 2 asked by the plaintiff; it in terms makes it the duty of the defendant "to insure the safety of its employees" and especially to insure plaintiff from injury by the falling of rocks or stones. (5) The servant can not recover from his master damages for injuries caused by the negligence of a fellow servant. *Moran v. Brown*, 27 Mo. App. 487. (6) Where servants are engaged in the same common employment, one can not recover against the master for injury caused by the negligence of the other. *Murray v. Railroad*, 98 Mo. 573; *Marshall v. Shricker*, 63 Mo. 308. (7) The burden is on the plaintiff to show that the relation of fellow servant does not exist. *McGowan v. Railroad*, 61 Mo. 528; *Blessing v. Railroad*, 77 Mo. 410. (8)

They are fellow servants who are under the direction or management of the master himself, or by some servant placed by the latter over him, or engaged in the promotion of some common work with not any dependence upon, or relation to, each other except as colaborers, without rank. *Moore v. Railroad*, 85 Mo. 588; *McDermott v. Railroad*, 87 Mo. 285; *Dowling v. Allen*, 74 Mo. 14. (9) The verdict is against both the weight of the evidence and the evidence, and even against the instructions given. The evidence shows all precautions taken that could have been taken; that the rocks had been falling down before this, but that plaintiff knew it, and that the pickers and shovelers watched for each other, and that the injury resulted from an accident the risk of which plaintiff knew, or ought to have known, and must be held to have assumed. *Watson v. Coal Co.*, 22 Mo. App. 366; *Walsh v. Railroad*, 27 Minn. 367; *Olson v. McMullen*, 24 Minn. 94; *King v. Railroad*, 112 Mo. 229; *Anderson v. Clarke*, 29 N. E. Rep. 589; *Steinhauser v. Spraul*, 127 Mo. 541. The judgment should be reversed, as in the *Watson case, supra*. (10) The damages are excessive.

*Woodruff & Woodside* for respondent.

(1) Instruction number 1 given for plaintiff properly hypothecates the law. *Aldridge v. Furnace Co.*, 78 Mo. 565; *Stephens v. Railroad*, 96 Mo. 212; *Sullivan v. Railroad*, 107 Mo. 77; 2 Thompson Negligence, 975; *Shortel v. St. Joe*, 104 Mo. 114; 14 Am. and Eng. Encyclopedia of Law, p. 857. (2) The allegation in the petition is that the superintendent wrongfully, carelessly and negligently ordered plaintiff to this dangerous place to work. The answer denied that the superintendent carelessly, wrongfully or negligently ordered or directed plaintiff to any particular place.

This denial amounts to an admission that he ordered him to the place alleged. *Breckenridge v. Ins. Co.*, 87 Mo. 70; *Hyeronimus v. Allison*, 52 Mo. 104. (3) The "fellow servant" instructions were properly refused because this defense was not made in the pleadings. The fact that injury was caused by the act of a fellow servant is new matter, which would go to defeat or avoid plaintiff's action, and if defendent relies upon such defense, he must plead it. *Higgins v. Railroad*, 43 Mo. App. 548; *Conlin v. Railroad*, 36 Cal. 404; Deering on Negligence, sec. 202; 2 Estee on Pleading, p. 875; *Raysdon v. Trumbo*, 52 Mo. 35; *Budd v. Hoffheimer*, 52 Mo. 297. (4) The defendant not only failed to plead negligence of a fellow servant, but upon the contrary he alleged as one of the grounds of defense, that "watchers" were stationed to warn plaintiff of his danger, and that plaintiff "carelessly and negligently refused to heed the warnings of his fellow servants and watchers and avoid danger from falling stones." (5) Even had the defense of the negligence of a fellow servant been pleaded, the instruction still should have been refused, on the ground that there was no evidence introduced showing negligence on the part of any fellow servant. *Bowen v. Railroad*, 75 Mo. 426; *Chubbuck v. Railroad*, 77 Mo. 591; *Condon v. Railroad*, 78 Mo. 567.

BURGESS, J.—This is an action for damages for personal injuries sustained by plaintiff, a laborer, while working in defendant's mine. From a verdict and judgment in favor of plaintiff in the sum of $2,500 defendant appealed to the St. Louis court of appeals where the judgment was affirmed in an opinion by BIGGS, J. The case was then certified to this court, because of the nonconcurrence in the opinion of one of the members of that court. The case will be found

reported in 54 Mo. App. 476. For reasons announced in the opinion which are in accord with the adjudications of this court, the judgment is affirmed. All of this division concur.