## J. W. SWANSON, Respondent, v. THE CITY OF SE-DALIA, Appellant.

**Kansas City Court of Appeals, May 6, 1901.**

1. **Negligence: DEFECTIVE SIDEWALK: SCIENTER: PRESUMP-TION.** Mere knowledge of a defect in a sidewalk will not, as a matter of law, bar a recovery but go to the jury to determine whether the defect was so patent that a prudent person would not use the sidewalk; and an instruction telling the jury that the law presumed the injured party to be in the exercise of ordinary care at the time of his injury, is not correct, but in this case is held harmless.

2. **Appellate Practice: HARMLESS ERROR.** Appellate courts should disregard all harmless errors that inadvertently get into nearly every trial, and reverse only for such errors as effect the merits.

3. **Negligence: REASONABLE CARE: INSTRUCTION.** An instruction defining reasonable care to be such care as a reasonable and prudent person would have exercised under similar circumstances, is approved.

4. ———: **DEFECTIVE SIDEWALK: INSTRUCTION.** Whether an instruction relating to an injury on a sidewalk used the words "stumbled" or "slipped" into the hole, is immaterial, since a judgment will not be reversed for every obscurity or inaccuracy of expression that an instruction may disclose.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan*, Judge.

AFFIRMED.

*C. C. Kelly* and *John Cushman* for appellant.

(1) Defendant's answer charged plaintiff with contributory negligence. There was abundant proof of this charge. It was then gross error to give plaintiff's instruction numbered five. This instruction took that issue entirely from the jury and should not have been given. Buesching v. Gas Co., 73 Mo. 219; Moberly v. Railroad, 98 Mo. 183; Barr v. Kansas City, 105 Mo. 550; Rapp v. Railroad, 106 Mo. 423; Myers v. City of Kansas, 108 Mo. loc. cit. 487; Bluedorn v. Railroad, 108 Mo. 439; Bluedorn v. Railroad, 121 Mo. 258; Schepers v. Railroad, 126 Mo. 665; Graney v. St. Louis, 141 Mo. 180, loc. cit. 185; Chilton v. St. Joseph, 143 Mo. 192, loc. cit. 201; Bailey v. Railroad, 152 Mo. 449; Lee v. Knapp & Co., 55 Mo. App. 390, loc. cit. 403; Sackberger v. Grand Lodge, 73 Mo. App. 38; Robards v. Murphy, 75 Mo. App. 39; Frazier v. Railroad, 75 Mo. App. 253; Stevens v. Walpole, 76 Mo. App. 213, loc. cit. 225; Covell v. Railroad, 82 Mo. App. 180; Whitaker v. Morrison, 44 Am. Dec. 627; Whitsett v. Railroad, 25 N. W. Rep. 104; Railroad v. Slebbing, 52 Md. 504; Lawson on Presumptive Evid., rule 120, p. 576. (2) This instruction is also erroneous as being at war with all the other instructions, on both sides of the case, on the law of contributory negligence. It is inconsistent with itself and contradictory of instructions one, four and six given on behalf of plaintiff, and instructions four, five, six and eight given on behalf of the defendant. For these reasons it should not have been given. State to use v. Nauert, 2 Mo. App. 295; McNichols v. Nelson, 45 Mo. App. 446; State v. Brumley, 53 Mo. App. 126, loc. cit. 130; Carden v. Primm, 60 Mo. App. 423; Linn v. Bridge Co., 78 Mo. App. 111, loc. cit. 116; Willmott v. Railroad, 106 Mo. 535, loc. cit. 549; Spillane v. Railroad, 111 Mo. 555, loc. cit. 565. (3) Instructions number five, six and

seven are erroneous, in that they assume to be true controverted facts which were issues in the case. Instruction number five assumes that the plaintiff was injured. Instruction number six assumes that the sidewalk was defective and dangerous. Instruction number seven assumes that there was a defect in the sidewalk. This was error. Orscheln v. Scott, 79 Mo. App. 535. (4) Instruction number one for the plaintiff uses the term "stumbled." There is no charge in the petition that plaintiff stumbled and there is no evidence in the record that plaintiff stumbled. This is assuming a fact and stating a circumstance that was neither pleaded or proven.

*Shain & Barnett* for respondent.

(1) Appellant's objection to instruction number five is not well taken. The presumption of ordinary care is in plaintiff's favor until the contrary is shown. Buesching v. Gas Co., 73 Mo. 219; Stepp v. Railroad, 85 Mo. 229; Petty v. Railroad, 88 Mo. 306; Schlerech v. Railroad, 96 Mo. 509; Bluedorn v. Railroad, 108 Mo. 439, loc. cit. 448; Lawson on Presumptive Ev., rule 120, p. 576. (3) There is no proof of contributory negligence on part of the plaintiff and under the evidence in the case at bar the plaintiff was entitled to an instruction to the effect that plaintiff was not guilty of contributory negligence. (4) Instruction number five taken in connection with other instructions fairly declares the law. The instructions must be taken as a whole. McKeon v. Railroad, 43 Mo. 405; Smith v. Culligan, 74 Mo. 387; Garesche v. College, 76 Mo. 332; Noble v. Blount, 77 Mo. 235; Easley v. Railroad, 113 Mo. 236; Burdoin v. Trenton, 116 Mo. 358; Meade v. Railroad, 68 Mo. App. 92; Barry v. Railroad, 98 Mo. 62. (5) Appellant's objection to instructions number five, six and seven, for the reason that they assume to be true converted facts, is not well taken. Ful-

lerton v. Fordyce, 121 Mo. 1, loc. cit. 13; Hull v. St. Louis, 138 Mo. 618, loc. cit. 625; Van Natta v. Railroad, 133 Mo. 13; Ragan v. Railroad, 144 Mo. 623, loc. cit. 634. (6) Appellant's objection to plaintiff's instruction number one for the reason that it uses the word "stumbled," is not well taken. If error at all, it is harmless and could in no way mislead the jury —the appellate courts will not consider such frivolous objections.

BROADDUS, J.—This is a suit for personal injury claimed to have been received by reason of an alleged defective sidewalk of the defendant.

It is alleged, as plaintiff's basis for recovery, that the defendant, a city of the third class, permitted its sidewalk on Ingram avenue, a thoroughfare for public travel, to become and remain in a dangerous condition and unsafe for persons passing over it; that certain of the boards or planks composing said sidewalk were rotten and weak, that others had broken away and had been removed, leaving two separate holes near together in said portion of said sidewalk, where the injury complained of occurred, at a point about thirty feet south of the sidewalk along the south side of Broadway, of which defects the defendant had notice; that on the fourteenth day of May, 1899, about dark, or just before dark, while plaintiff was walking on said portion of said sidewalk he fell into said holes without negligence on his part and was seriously injured; that said fall was caused by reason of the holes aforesaid and by the rotten condition of a board adjacent to said holes in said sidewalk; and that his injuries are permanent. He asked judgment for $3,000. The answer is a general denial of the allegations of the petition and charges contributory negligence.

The principal contentions of the appellant are: First, that the court erred in giving instruction number five on behalf of

the plaintiff. Said instruction is to the effect that the law presumed that the plaintiff, at the time of the injury, was exercising ordinary care, and that the burden of proof rested upon the defendant to show contributory negligence. Second, that instruction number three, given at the instance of plaintiff, was defective in that it told the jury in defining reasonable care that it meant, "such care as a reasonable and prudent person would have exercised under the same or similar circumstances." Third, because instruction number one used the word "stumbled" whereas there is no such word used in the petition. There are other points made for a reversal which do not appear to be important.

The error on account of the giving of instruction number five consists, it is contended, in charging the jury that the law presumed that the plaintiff was in the exercise of ordinary care when he received the injury, while there was abundant evidence tending to show contributory negligence. The decision of this point involves an examination of the evidence. The plaintiff in his testimony, amongst other things, states: "I was at the Broadway crossing going home, it was just getting dark when I started home, or about so, and went down on Ingram avenue and turned south to go home, and I knew those holes were there, and I was walking carefully along, watching, as I always did, and when I came to the first hole, I stepped across on to a board and it gave way and I aimed to catch myself, and there was a hole about ten inches wide in front of that, and this foot, my left foot, went right under, right under the board; the board struck me right on the shin * * * and my foot slipped and I fell right backwards, and there was a sharp edged rock about eighteen inches long, and came up a little above the stringers, it is a little above, and just throwed me right back on that," etc. Miss Annie Settles, who saw the plaintiff at the time of the accident, testified:

"Mr. Swanson was coming along the fourteenth day of May, it was getting dark, almost dark, and he was walking along just as straight as anybody would walk * * * There was two boards and a half—well, two boards gone and one-half board rotten—and he stepped on this half board to prevent himself from falling and in stepping on this half board his foot slipped over into the next opposite hole and he fell and hit his back on the north board and his hip hit the rock, a short rock." She lived close to the place where the injury occurred and was looking out of a window at the time. She had seen the defects in the sidewalk before the accident. There was abundant evidence that plaintiff knew of the condition of the sidewalk prior to the time of his injury.

In Stevens v. Walpole, 76 Mo. App. 213, it was held: that, "mere knowledge of a defect in a sidewalk will not, as a matter of law, bar a recovery by the injured party, but such question should go to the jury to determine whether the defect was so patent and threatening that a prudent person would not take the chances of using the sidewalk." In Moberly v. Railroad, 98 Mo. 183, it was held: "The presumption that every one exercises ordinary care, obtains, in the absence of evidence to the contrary. But in an action against a railroad company for damages for personal injury, where there was abundant evidence from which plaintiff's negligence might have been found, an instruction that the presumption or ordinary care existed in his favor was calculated to mislead the jury and should not have been given." There are many cases in the Supreme Court of the State to the same effect, viz: Ganey v. St. Louis, 141 Mo. 180; Barr v. Kansas City, 105 Mo. 550; Rapp v. Railroad, 106 Mo. 423; Myers v. City of Kansas, 108 Mo. 480; Bluedorn v. Railway, 121 Mo. 258; Schepers v. Railway, 126 Mo. 665.

It will be seen by reference to these authorities that it

was error to instruct that the law presumed the plaintiff to be in the exercise of ordinary care at the time of his injury, for the fact is established by his own evidence that he knew of the unsafe condition of the sidewalk in question. There was no other evidence tending to show negligence on the part of the plaintiff and the question arises, was the defendant prejudiced by the giving of said instruction? "Mere knowledge of the existence of a hole in a street will not defeat a recovery on the part of one injured by falling therein." Barr v. City of Kansas, 105 Mo. 551. "No one is required to abandon a convenient or accustomed route of travel in a city because of a dangerous excavation near the highway, unless the use of the way under the circumstances would be inconsistent with the exercise of reasonable and ordinary care. A traveller if injured thereby may recover, notwithstanding his knowledge of the danger, provided he was at the time using ordinary care." Buesching v. Gas Co., 73 Mo. 219. In the same case it is further said: "It can not be laid down as a legal proposition that one who falls into an unconcealed opening adjoining a highway is guilty of negligence in not avoiding it. The true rule is, that he is guilty of negligence if he did not see it, provided he would have seen it by exercising ordinary care; and if he saw it, he is guilty of negligence in not avoiding it, provided he could have avoided it by the exercise of ordinary care." The Missouri cases are all to the same effect.

While it is true that instruction number five is perhaps technically wrong in telling the jury, in view of all the facts that the presumption was that plaintiff was in the exercise of ordinary care when he was injured, we can not see how the defendant was prejudiced thereby in view of the rule last above quoted, as there was no evidence tending to show want of care upon the part of plaintiff; and the mere fact of his knowledge of the defect in the sidewalk could not defeat his right of re-

covery.   On the contrary, he knew of the defect, saw it, and carefully tried to avoid the danger by stepping over the hole, but fell and was injured, not by putting his foot in the hole in the sidewalk but by putting it on a rotten board which gave way and caused his foot to slip into the open space between the boards.   It is well-settled law that a person is not bound to cease the use of a highway because there may be defects or obstacles therein that in themselves are a menace to the traveller, but he is held to the use of due care in order to avoid the danger.   And as we have seen, if injured through no fault or neglect of his own, he is entitled to recover.   In the case at bar the evidence, as we have seen, evinced the greatest care upon the part of the plaintiff.   There was then nothing in the case to prevent his recovery, and the giving of the instruction named could not in any sense have had an effect on the result of the case, and there could have been no prejudice to the rights of the defendant thereby, as it offered nothing to show that the plaintiff failed to exercise due care in passing over the defective sidewalk.

It is the duty of the appellate courts to disregard all harmless errors that inadvertently get into nearly every case during the trial.   A reversible error is one that materially affects the merits of the action.   R. S. 1899, sec.865 ; Haniford v. Kansas City, 103 Mo. 172 ; Berkson v. Cable Co., 144 Mo. 211.

The second contention is that the plaintiff's instruction defining reasonable care was erroneous in defining it as "such care as a reasonable and prudent person would have exercised under the same or similar circumstances."   This form of instruction has been approved in the following cases:   Prewitt v. Eddy, 115 Mo. 283 ; De Weese v. Iron Co., 54 Mo. App. 476 ; s. c. 128 Mo. 423 ; Lower v. City of Sedalia, 77 Mo. 431 ; Chitty v. Railroad Co., 148 Mo. 64.

And that the instruction of plaintiff used the word "stum-

ble" when there is no such word in the petition.   What differ-
ence does it make in this case whether the plaintiff stumbled
into the hole in the sidewalk or slipped into it?   "A judgment
will not be reversed for every obscurity or inaccuracy of ex-
pression that an instruction may disclose."   Haniford v. Kan-
sas City, supra; Berkson v. Cable Co., supra.

Objection to plaintiff's instructions numbered five, six and
seven are not well taken.   They are in harmony with the
others, and they do not assume any facts that are not prac-
tically uncontroverted.   That the plaintiff fell and was injured
to some extent, and that there were defects in the sidewalk in
question, was not controverted; therefore, as a matter of course,
the instructions assumed no controverted facts.

Failing to find prejudicial error in the case, it is affirmed.
All concur.